The opinion of the court was delivered by
Fenner, J.
The property involved in this petitory action belonged, prior to 1849, to the succession of Samuel Rembert, which was opened and administered in the parish of Tensas.
On January 6, 1849, this property was sold under order of court by the administrators, and was adjudicated to William Harris for $11,000, part cash and part on credit, in notes executed by Harris. A regular title was executed to Harris and duly recorded.
In February, 1850, Wm. Harris sold the property to Daniel J. Dohan and wife for $11,000, by act of sale duly recorded.
D. J. Dohan executed a mortgage on one-half of the property in favor of E. Woodridge, of which Michael J. Dohan became the owner, and which he foreclosed in ISTO, and became the purchaser thereof at the sheriff’s sale.
*451 The plaintiffs are the heirs of Rebecca J. Dohan, who was the-widow of Samuel Rembert, and one of the administrators of his. succession at the date of the probate sale to Harris. After said sale, in May, 1849, she married D. J. Dohan, and was one of the vendees in the sale by Harris to D. J. Dohan and wife.
The plaintiffs, who are the forced heirs of Mrs. D. J. Dohan, bring this petitory action against M. J. Dohan, in which they aver substantially that Wm. Harris did not buy or intend to buy at the probate sale for himself, but was simply a person interposed to take an apparent title, while the real purchaser was their mother, then Widow Rembert, who adopted such interposition as a method of evading the prohibition of the laws of Louisiana against the purchase of succession property by administrators.
They further aver that, after her marriage to D. J. Dohan, the latter prevailed on their mother to consent that Harris, instead of conveying the entire property to herself, should convey one-half of it to her husband, Dohan; that the husband paid no consideration for the conveyance, and that the title passed to him was, in reality, a disguised donation from the wife to the husband, in fraud of the rights of her children and forced heirs, and absolutely null and void under Arts. 1752 and 1754 of the Civil Code.
The plaintiffs claim by virtue of inheritance from their mother.
The first step in their chain of proof must necessarily be to establish their ancestor’s ownership of the property sought to be revendicated.
They predicate her title exclusively upon the probate sale from the succession of Rembert to Harris, who, they say, was a person interposed to take the apparent title for the benefit of, and under the obligation to convey the same to, their mother. They produce no counter letter from Harris nor any other written evidence to prove that the apparent title of Harris was the real title of their mother.' They seek to establish her title to this immovable property and to destroy the title of Harris now held by the defendant M. J. Dohan, by evidence exclusively parol.
The defendant objected to the admissibility of such evidence, and his objection was properly sustained by the judge a quo.
The fraud or error is propounded against the title to Harris.
No attempt is made to annul it, on the ground that it was passed in fraudem logis.
*452 Oil the contrary, plaintiffs necessarily affirm that title as a valid divestiture of the ownership of the succession of Rembert.
It is not pretended that the sale to Harris was a fraud on the rights of plaintiffs as forced heirs of their mother; on the contrary, it is the sole basis of any rights they could have.
The simple claimis, that Harris bought as agent of the mother and took the. title in her name for her benefit.
The ease is not nearly so strong as several in which it has been decided by this court that even under allegations that a person had been employed to purchase property as agent of another, which latter had paid the price, and that the agent had fraudulently taken title in his own name, parol evidence could not be received in support of such allegations of to destroy the agent’s title. Perrault vs. Perrault, 32 An. 635; Hackenberg vs.’ Garstkoup. 30 An. 898; Baden vs. Baden, 4 La. 166; Nuggah vs. Greig, 2 La. 593.
In another case the court said: “Testimonial proof is not admissible for the purpose of proving that a third person was interposed to receive, or to be invested with, title to real estate or slaves, for the use of and instead of the intended vendee, especially where there is no charge of fraud or other ill practice, because the effect of such proof would be to establish title to real estate by parol, contrary to the express provisions of the law.” Barbin vs. Gaspard, 15 An. 540.
In another it was held that “ where real property is adjudicated to a purchaser at a public sale and the title made in the name of that purchaser, parol is not admissible to show simulation or an agency to make the purchase for the benefit of other co-heirs of the purchaser.” Fuselier vs. Fuselier, 5 An. 132; Heirs vs. Cronan, 12 An. 213; Linton vs. Wykoff, id. 878.
The same doctrine was emphatically reiterated in a recent case. McKenzie vs. Bacon, 40 An. 157.
These authorities conclusively sustain the judge in ruling out the parol evidence offered by plaintiffs, and this leaves their case without any support whatever.
The wisdom of the rule is strongly illustrated by the very ease here presented, in which parol evidence is invoked to upset titles nearly forty years old, on the faith of which third persons have invested their money.
Judgment affirmed.