## MUGGAH vs. GREIG.

APPEAL FROM THE COURT OF THE FIFTH DISTRICT, THE JUDGE OF THE DISTRICT PRESIDING.

Where a slave is claimed and held as having been purchased for the defendant and with his funds, but the title is taken in the name of the person making the purchase, parol testimony is *inadmissible*, to prove that the purchaser acted as the agent of the defendant, and bought the slave with his funds.

Written evidence must be produced to prove the *agency* of another, in making a contract of sale or purchase or transfer of immoveables or slaves, which is required by law to be in writing.

So where a person buys a slave and takes the title in his own name, and another person claiming him as having been purchased for him and with his funds, he must shew a written authority to purchase, in order to hold or recover the slave.

This suit is brought by the plaintiff as heir of John Muggah, to recover from the defendant a negro boy, which is alleged to have been purchased by John Muggah in New

Western District, Orleans, who took the act of sale in his own name and right.
September 1831.
The defendant took possession of the boy and holds him on

MUGGAH
vs.
GREIG.

the ground that Muggah purchased the negro with the defendant's money. The petition prayed that the boy be delivered up; or in lieu thereof, that the defendant be decreed to pay eight hundred dollars, the value of him.

The defendant alleged that John Muggah acted as his agent, and that he purchased the negro boy in New Orleans with his (defendant's) funds. That on his return he delivered possession of the boy to the defendant.

There was judgment decreeing the plaintiff the possession of the boy; but allowing the defendant 450 dollars, which appeared to have been advanced by him to John Muggah, in his life time, to purchase a negro for him.

Parole evidence was offered by the defendant to show that John Muggah the ancestor of the plaintiff, purchased the negro in question as his agent, and with his money; and also for establishing a title to the negro. The plaintiff's counsel objected to the testimony being received to establish a *legal title* in the defendant to the negro in contest; or any farther than to shew that the defendant advanced money to purchase a negro. The court sustained the objection, and a bill of exceptions was taken.

*Bowen* for plaintiff. The transfer and title to an immoveable property and slaves must be in writing— *La. Code,* 2255—and all extra judicial confessions are inadmissible in every case, where testimonial proof cannot be received.— *La. Code,* 2269.

2. It is admitted that by the Napoleon Code there exists an exception to this rule, when there is a commencement of proof in writing; but no such exception is contained in the Louisiana Code.—*Nap. Code, art.* 1347.

3. In all cases the supreme court have let in parole proof, after a commencement of proof in writing, when the subject matter of the action *did not* relate to the transfer of immoveable property or slaves.—*9 Mar.* 566—*12 do.* 350— *3 Mar. N. S.* 75.—*4 Mar. N. S.* 53.

*Simon* and *Brownson* for defendants, contended that when a person voluntarily undertook to manage the affairs of another, he incurred all the obligations which results from an express agency, and is brought to complete it. The plaintiff's ancestor purchased this negro as the agent and with defendant's money, and he cannot now claim him.—*La. Code*, 2274, 2255, 1961.—*Pothier contrat du Mandat, No. 58, 59.*—9 *Toulliur*, 236, *No.* 140, 141.

2. Parole testimoney is admissable to show that the plaintiff's ancestor acted as the agent of the defendant in purchasing the negro.—7 *Mar.* 243.

*Mathews. J.* delivered the opinion of the court.

This is a suit brought by the plaintiff in his own right, and as curator to Edward Muggah, an absentee, to recover from the defendant a slave (described in the petition) belonging to the succession of John Muggah, claiming as heirs to the latter. They obtained judgment for the recovery of the slave, in the court below, from which the defendant appealed.

The evidence of the case shews the legal title to have been vested in John Muggah, during his life-time; and it is not disputed that the plaintiffs are his heirs.

The defendant sets up title to the slave in dispute, as having been purchased for him, and with his funds, through the agency of the deceased Muggah; and that the title, though taken in the name of the latter, legally enured to his benefit. There is no legal evidence to shew that the appellant constituted John Muggah his attorney-in-fact, to purchase for him the identical slave claimed in the present suit, or any other slave; he relies wholly on testimonial proof to establish this fact, and possession of the property, in support of the title by him claimed.

Our law on the subject of conventional obligations, requires that "every transfer of immoveable property or slaves, must be made in writing:" and no testimonial proof of such sales or transfers can be received, in ordinary cases, except

Where a slave is held as having been purchased for the defendant and with his funds, but the title is taken in the name of the person making the purchase, parole testimony is inad-

Western District,
September 1831

MUGGAH
vs.
GREIG.

missible, to prove that the purchaser acted as the agent of the defendant, and bought the slave with his funds.

Written evidence must be produced to prove the agency of another in making a contract of sale or purchase or transfer of immoveables or slaves, which is required by law to be in writing.

So where a person buys a slave and takes the title in his own name, and another person claiming him as having been purchased for him and with his funds, he must shew a written authority to purchase in order to hold or recover the slave.

that which arises from the confession of the parties to the contract made, under oath, to interrogatories propounded for that purpose.—See *La. Code*, art. 2255 and 2415.

According to article 2961 of the Code, "a power of attorney may be given either by a public act, or by a writing under private signature," &c. It may also be given verbally, but of this testimonial proof is admitted, only, conformably to the title of conventional obligations. In relation to contracts which may be proven by parole, the power granted to enter into them, may well be proven by the same kind of evidence which would suffice when the contract was made directly between the parties. But in the contract of sale, or other transfer of immoveables or slaves, required by law to be made in writing, and which the parties are not permitted to support by testimonial proof, written evidence ought to be produced, as being alone legally admissible to establish the authority by which an agency is assumed for either of the contracting parties.

The record of the present case affords no legal evidence to shew that Greig, the defendant, authorized John Muggah to purchase, for the former, the slave in question; and we are of opinion that the district court did not err, in coming to the conclusion, that the legal title to said slave was in the latter at the time of his death, and that it descended to the plaintiffs, who have a right now to recover the property.

That part of the decree which condemns the plaintiffs to refund the money which was proven to have been advanced by the defendant to their ancestor, is not complained of by the appellee.

This decision has the appearance of contravening the doctrine of mandate, as established in the case of Hale vs. Sprigg, reported in 7 *Martin*, 243. But the opinion of the court in that case, seems to be predicated on full proof of the power granted to the attorney, or on evidence of that fact not excepted to; whereas, in the present case, the whole evi-

deuce in support of the appointment of the agent was objected to, and properly rejected.

It is therefore ordered, adjudged, and decreed, that the judgment of the district court be affirmed, with costs.