BADON
vs.
BADON.

If the husband, by any act of his, give a tacit mortgage on his property to the heirs of his wife, it cannot attach on property previously disposed of by him.

---

BADON vs. BADON.

APPEAL FROM THE COURT OF THE FIRST DISTRICT.

Testimonial proof cannot be admitted to establish a contract of agency which has relation to sales and purchases of real estate or slaves.

Oral testimony is inadmissible to prove a contract relating to the sale of real estate or slaves, and no means are left to a vendee of such things to enforce a verbal agreement to sell, except the privilege of resorting to the oath of the vendor.

When third persons attack contracts on the ground of fraud, testimonial proof is of necessity admissible; but where the allegation of fraud comes from one of the parties to a contract, he is bound to establish it by some written evidence, such as a counter letter, &c.

This was an action to obtain from the defendant the transfer of certain lots of ground which the petition alleged were purchased by him for the deceased husband of the plaintiff, who left an only child, under whom the plaintiff claimed as heir.

The petition further charged that the defendant had caused the title to said lots to be executed in his own name, and fraudulently pretended to be the real owner. The general issue was pleaded; and on the trial of the cause the plaintiff offered parole evidence to prove that the defendant had purchased the lots for her deceased husband, and not for himself. To the introduction of this testimony the defendant objected, on the ground that oral testimony could not be admitted without a beginning of written proof to prove a mandate to acquire landed property. This objection being overruled, and the evidence received, the defendant took a bill of exceptions. On the merits, there was a verdict and judgement for the plaintiff, and the defendant appealed.

*Seghers*, for appellee, made the following points:

1. Fraud having been alleged and charged in the petition, testimonial proof or any other kind of evidence is of course admissible. 8 *Martin, N. S.* 267.

2. Parole evidence is admissible to show that an act executed by the agent in his own name is the property of the principal. 2 *Lou. Rep.* 597.

3. The circumstance of the act being in the name of the attorney, does not affect the legal principles which control the case; neither the plaintiffs nor their ancestor were parties to the act, and it is open for them to show by parole or other evidence, the real nature of the transaction. 2 *L. Rep.* 597.

*Canon, contra.*

MATHEWS, J., delivered the opinion of the court.

This suit is brought to compel the defendant to convey and transfer to the plaintiff certain lots of ground situated in the suburb St. Mary, which she alleges were bought for her late

husband Raymon Badon, through the agency of the defendant. She further alleges that she has a right to the property in dispute, as heir to her child, lately deceased, who was the only legal heir to her husband, R. Badon. The cause was tried by a jury in the court below, who found a verdict in favor of the plaintiff, and judgement being thereon rendered, the defendant appealed.

By a notarial act of sale, which is offered in evidence, it appears that the defendant purchased the lots in question from François Canonge, and took the title in his own name; paid four hundred dollars as part of the price, at the time of receiving the conveyance, and secured the payment of the balance by giving to the vendor promissory notes made in his own name as vendee.

Testimonial proof cannot be admitted to establish a contract of agency which has relation to sales and purchases of real estate or slaves.

The contract of mandate by which he is said to have promised and agreed to purchase for his brother Raymon Badon, was attempted to be proven by parole evidence. To this species of testimony the defendant objected, and his objections being overruled, his counsel took a bill of exceptions. The decision of the case depends entirely on the legal admissibility of testimonial proof to establish a contract of agency (which has relation to sales and purchases of real estate or slaves), under the provisions of our laws. The question arising out of these provisions has already been decided by this court in the case of *Muggah* vs. *Greeg.* See 2 *Lou. Rep.* *p.* 593. The principles recognised in the decision then made, are adverse to the pretensions of the plaintiff in the present instance.

But her counsel claims the right to introduce parole proof to establish the contract of mandate against the defendant, on the ground of allegations of fraud against him, contained in the petition.

It is perhaps true, that contracts, however solemnly entered into in appearance, and however completely clothed with legal formalities, may be annulled on account of simulation and fraud; and, to prove such simulation and fraud, testimonial evidence may be resorted to; but this can be legally done only when necessity requires an infringement of the

general rules adopted to protect the inviolability of written contracts. The provisions of our code render incompetent all oral testimony to prove a contract relating to the sale of real estate and slaves; and no means are left to a vendee of such things to enforce a verbal agreement to sell, except the privilege of resorting to the oath of the vendor; although there is certainly a want of good faith, a species of fraud, on his part, in not performing his promise. When third persons attack contracts on the ground of fraud, testimonial proof is of necessity admissible to establish facts necessary to show the fraud alleged. But when the allegation of simulation and fraud comes from one of the parties to a contract, he is bound to establish it by some written evidence, such as a counter letter, &c.

The object of the plaintiff in the present action is virtually to make out a title in herself to real estate by oral evidence alone; and to effect this, she requires of the defendant to convey the property which he purchased in his own name as having been bought in reality for her husband. The right to compel him to make this transfer and conveyance of real property, of which he is the legal owner, is assumed as a consequence of an agreement admitted to be only verbal. But our laws admit of written evidence alone to prove such contracts, or the judicial confession of the parties to them. See the *L. C. arts.* 2255-6, 2415, 2961. To admit the testimonial proof offered in the present case, would, in our opinion, violate the rules of evidence ordained by these articles of the code, and destroy the protection intended to be given by them to proprietors of the most important property (viz. real estate and slaves) in the state.

The verdict and judgement of the court below, we believe to be based entirely on evidence which was illegally admitted.

(10th of July, 1832. Decree amended as follows:)

"Ordered, adjudged, and decreed, that the judgement of the District Court be annulled, avoided and reversed, and that there be judgement for the defendant as in case of a nonsuit, with costs in both courts." (Vide *Minutes of that day.*)