CHARLOTTE BREED *v.* JOSEPH S. R. GUAY.

Defendant having pleaded in reconvention that the plaintiff was indebted to him in a certain sum, as the price of a house and lot, which he had, at her instance, purchased for her, offered the testimony of witnesses to establish those allegations. *Held*, that the evidence being parol, and tending to establish an agency to purchase real estate, was inadmissible.

APPEAL from the District Court of East Feliciana, *Johnson, J.*

*Lawson,* for the plaintiff. Parol evidence is inadmissible to prove an agency to purchase real estate. *Muggah* v. *Greig,* 2 La., 595. *Badon* v. *Badon,* 4 La., 168. Or the sale of it. Civil Code, art. 2255. *Roper's Heirs* v. *Yocum,* 3 Mart., 424. *Grafton* v. *Fletcher,* Ib. 486. *Nichols* v. *Roland,* 11 Mart., 190. *McDonough* v. *Hart et al.* 3 La., 458. Or to prove warranty.

*Watkins* v. *McDonough*, 2 Mart., 154. Or to destroy title to real estate. *Duncan* v. *Cevallo's Ex'rs.*, 4 Mart., 571. *Chabot, et al.* v. *Blanc*, 5 Mart., 328.

*Lyons*, for the appellant. Though parol evidence of an agency to buy real property cannot be received to make or destroy title to real property, it may be to establish collateral facts, as the payment of money at the special instance of a party, for her use, in the purchase of real estate. 3 La., 164. 7 Ib., 318, 331. 8 Ib., 296. 17 Ib., 303. 18 Ib., 348.

Morphy, J. The defendant, sued as the maker of a promissory note for $600, payable to the order of the plaintiff, pleads in compensation and reconvention, that she is indebted to him in the sum of eight hundred dollars, and claims the difference. He alleges that the plaintiff, being desirous to purchase a house and lot in Clinton, authorized and requested him to bid for her to the amount of eight hundred dollars at a sheriff's sale, and, if the property was knocked off for that amount, to take the title in his own name, and afterwards to convey the same to her; that he accordingly did attend the sheriff's sale, bought the house and lot for eight hundred dollars, which he paid, and took the adjudication in his own name; that soon afterwards he offered to convey the property to the plaintiff, but that she, having changed her mind, refused to receive the conveyance, and reimburse the eight hundred dollars thus advanced for her. There was a judgment below in favor of the plaintiff, and the defendant appealed.

Several witnesses having been offered on the trial to prove the facts alleged in support of the demand in reconvention, the judge below refused to receive their testimony, being of opinion that it was an attempt to prove by parol an agency to purchase real estate. It is urged that there is error in this opinion of the judge; that, although it be true that parol proof of an agency to buy real property cannot be received to *make* or *destroy* title to that species of property, yet that it should be received to establish *collateral facts* in relation to it, such as the payment of a sum of money, made at the special instance and request of the party, in consequence of an authority to purchase. The judge, in our opinion, did not err. The fact sought

to be established was not a collateral one, but the agency itself, without the proof of which the defendant can have no claim against the plaintiff, in consequence of his bid at the sheriff's sale. The attempt is to force a title upon the plaintiff in order to recover eight hundred dollars, or to compel her to submit to the loss of that sum unless she receives the title tendered to her. The testimony goes to establish an agency to purchase real estate, and is inadmissible under the repeated adjudications of this court. 2 La. 596. 4 La. 168.

*Judgment affirmed,*