THE NEW ORLEANS AND CARROLLTON RAIL ROAD COMPANY *v* CYRUS RATLIFF and others.

Where a notice of protest to an endorser of a note, deposited in a post office in the parish of his residence, is addressed to him in that parish, *via* a post office in an adjoining parish, the latter being the nearest to his residence, the insertion of the word *via* will not render the notice bad.   *Per Curiam*:  The word *via* does not necessarily raise the presumption that the notice was forwarded to another office than that, to the name of which it was prefixed.  It was, doubtless, intended as a direction to the post master at the office in which the notice was deposited, to send it to the party through the office to which it was prefixed, which was the nearest to his residence, though out of the parish; and as the post master at the latter place could not send it to any office nearer to his residence, the probability is that he kept it, according to the evident intention of the writer.

APPEAL from the District Court of West Feliciana, *Johnson*, J. *Phillips*, for the appellants.

*Paterson*, contrâ, cited Bull. & Curry's Dig., p. 41, § 5 ; p. 43, § I and II.   5 La. 265.   16 La. 20, 283, 310.

MORPHY, J.  This action is brought upon a promissory note, for $800, drawn by Cyrus Ratliff, and endorsed by H. Perkins and Robert J. Barrow, dated the 15th of December, 1841, and made payable at the office of the Carrollton Bank at Bayou Sara, twelve months after date.   There was a judgment below against the maker and the first endorser, and one as in case of

non suit in favor of the other endorser. The plaintiffs appealed.*

The record shows that the note was duly protested for non-payment, and that, on the day of the protest, the notary put into the St. Francisville post office, at Bayou Sara, three notices, addressed to Robert J. Barrow : one to him at " *Bayou Sara, West Feliciana, Louisiana ;*" one to him at " *Laurel Hill post office, West Feliciana, Louisiana ;*" and one to him at "*West Feliciana, Louisiana* via *Pinckneyville, Wilkinson County, Mississippi.*" The Pinckneyville post office is shown to be the nearest to the residence of the defendant, the Laurel Hill post office is about two miles and a half farther, and the Bayou Sara, or St. Francisville post office is the most distant of the three.

It is urged in support of the judgment appealed from, that notice of the protest was not sent to the nearest post office to the defendant's residence, as that which went to the Pinckneyville post office, which is the nearest, was addressed to him *via* that office ; that, with such a direction, the post master at Pinckneyville, had no right to stop the notice at his office, and that it cannot be presumed that he did ; and that if the notice was kept there, it was incumbent on the plaintiffs to show it, which they have not done. The word *via*, used in the address of the letter, does not, we think, necessarily raise the presumption, in this case, that the notice was forwarded to another place, and did not remain at the Pinckneyville post office, through which it was addressed to Robert J. Barrow, who resided, probably to the knowledge of the post master, in the immediate neighborhood. It is more reasonable to suppose, that the post master kept the notice at the disposal of the person to whom it was addressed, than that he sent it back to the place from which it came, or to some other post office in West Feliciana. The word *via* was no doubt a direction to the post master at Bayou Sara, who received the letter, to send it to the defendant through the Pinckneyville office, which was known to be the nearest to his residence,

---

* This appeal was intended to be taken only from the judgment in favor of Bar-row as in case of a non suit.

though out of his parish, and in a different State.   As the post master at Pinckneyville could not send the notice to any other office nearer to the defendant than his, the greater probability is, that he kept it, according to the evident intention of the notary to forward the notice as near to the defendant's residence as he could.   Where the mail goes by land from one point to another, it is unnecessary and unusual to point out in the address of a letter, the intermediate places, or post offices through which it is to pass.   The place of destination is alone mentioned, and it is left to the post master to forward letters as he thinks most proper.   In the present case, the notice having been placed in the post office at Bayou Sara, in West Feliciana, addressed to the defendant living in the same parish, the only possible object of the notary, in directing it as he did, must have been to forward it to the endorser at the place nearest to his residence. The post master at Pinckneyville no doubt so understood it, and acted accordingly.   We think that the defendant is bound by the notice, and that the plaintiffs are entitled to recover.

It is, therefore, ordered, that the judgment of the District Court be reversed, and that the plaintiffs recover of the defendant Robert J. Barrow, the sum of $800, with interest thereon at the rate of eight per cent per annum, from the 17th of December, 1842, until paid ; $5 costs of protest, and the costs in both courts.