## SEATON *v.* SHARKEY.

The sale of a pre-emption right, in contravention of a prohibitory clause in the act of Congress under which the right of pre-emption accrued, is null; and constitutes no impediment to an entry of the land by the party entitled to the pre-emption, who will, by the purchase from the government, acquire an absolute title, unaffected by the previous sale.

Parol evidence is inadmissible to prove an agency for the purchase of real estate.

APPEAL from the District Court of Madison, *Selby*, J. *Stacy* and *Sparrow*, for the plaintiff. *Thomas* and *Snyder*, for the defendant. The judgment of the court was pronounced by

KING, J. This is a petitory action instituted to recover a tract of land. *Lafferty* acquired a right of preëmption to a quarter section of land, which he sold to *Seaton*, the plaintiff in this action. *Seaton*, by a verbal sale transferred one half of the tract to *Sharkey*, the defendant. The period for the land sales was approaching, and *Lafferty*, who was still the creditor of *Seaton* for a part of the price, apprehending that the right of preëmption would be forfeited, and that he would lose the debt, notified *Seaton* of his intention to make the proofs of his claim at the land office. *Seaton* being without the pecuniary means necessary to make the purchase from the government, proposed to the defendant, who was equally interested with himself in the land, that the latter should make the requisite advances, and take the title in his own name. The defendant proceeded to the land office, advanced the money with which the entry was made in the name of *Lafferty*, and also paid the latter the balance due him by *Seaton*. *Lafferty* immediately transferred the title to the defendant, and a patent has since issued in favor of the latter. The plaintiff has instituted this action to be declared the owner of the entire quarter section, and to be put in possession of that portion of it occupied by *Sharkey*. The defendant relies on his title derived from the preëmptor, and on his patent. The jury awarded one half of the land to each of the parties, and condemned the plaintiff to pay $261, the amount advanced for his use by the defendant. Both parties are dissatisfied with the verdict, and have appealed.

The sale from the preëmptor, *Lafferty*, to *Seaton*, was in contravention of the prohibitory clause of the act of Congress of 1834, under which the right of preëmption accrued, and was null. It conveyed no title whatever to the vendee, and constituted no impediment to the entry of the land by *Lafferty*, who indeed under the statute was the only person who could have availed himself of the preëmption right. See cases of *Poirrier* v. *White*, and *Prevost* v. *White*, 2 An. Rep. 934, 936. His purchase from the government vested in him the absolute title, unaffected by the previous sale to *Seaton*. This title he transferred to *Sharkey*. But it is contended that, the defendant acted as the agent of the plaintiff in effecting the entry, and in receiving title from *Lafferty*, and that the title thus acquired inured to the benefit of the plaintiff. The only evidence by which the alleged agency was attempted to be shown was parol testimony, which was expressly excepted to as being inadmissible to prove an agency for the purchase of real property. The exception was well taken. Sales of real estate are required to be in writing, and written proof alone is admissible to establish an authority to purchase such property. 2 La. Rep. 596. 1 An. Rep. 73. Much of the evidence going to establish the agency, and the verbal sale from the plaintiff to the defendant, was admitted by the judge only for the purpose of proving the circumstances under which the entry was made, and the state of the accounts between the parties. The jury, who were probably unable to discriminate between evidence admissible for one purpose but not for another, considered the facts both of the agency and of the verbal sale as proved, and rendered a verdict in accordance with the agreement of the parties, as established by testimony inadmissible for that purpose. We think that the plaintiff has failed to show the agency of the defendant by legal proof, and upon establishing that fact his title depended.

The plaintiff and defendant both claimed fruits and improvements. As the

SEATON
v.
SHARKEY.

parties were considered by the jury to be respectively the owners of the portions of the land which they possessed, those claims were not passed upon. Justice requires that they be left open for future adjustment.

It is therefore ordered that the judgment of the District Court be reversed, and that the defendant be decreed the owner of the entire land in controversy, to wit, of the north west quarter of the section number twenty one, in township number fifteen north, of range number eleven in the land district north of Red river, containing one hundred and fifty-eight 24–100 acres. It is further ordered that the cause be remanded for the purpose of enabling the parties to litigate in relation to their mutual claims for rents and improvements; the defendant paying the costs of this appeal.