CHARLES PARLANGE *v.* JEAN EMILE FAURÈS.

Where a broker or agent sells a note, with a forged endorsement upon it, without disclosing the fact of his agency, or the name of his principal, he is responsible for the amount, with legal interest, which was paid for the note.

APPEAL from the Second District Court of New Orleans, *Morgan,* J. *W. H. Hunt* and *L. Castera,* for plaintiff. *H. Griffon,* for defendant and appellant.

MERRICK, C. J. The defendant, a broker, sold to the plaintiff a note for twelve hundred dollars in amount, signed by *H. A. Lee,* containing the forged endorsement of a responsible party, without disclosing the name of his principal, on whose account he procured the discount of the paper. The proceeds were eleven hundred dollars.

The plaintiff, having discovered the forgery after the drawer of the note had absconded and the note had matured, brought this suit against the defendant to recover the amount of the same, with costs of protest and interest.

It is not pretended that defendant had any knowledge of the forgery, or acted otherwise than in good faith.

The defendant cited one *John T. Clay*, from whom he alleged he received the note in warranty, said *Clay* also being, as defendant alleged, a broker, and acting for parties unknown to defendant.

*Clay* answered the call in warranty, and averred that he was a note broker, and that at the time he delivered the note to defendant, the latter was informed and well knew that the warrantor was not the owner of the note, but was trying to sell the same as broker.

The defendant discharged *Clay* as warrantor, and placed him on the stand as a witness at the conclusion of the trial. It appears from his testimony, that he handed the note to *Faurès* to discount, and divided the brokerage with him ; that he received the proceeds of the note from defendant, and paid the same over to *Lee*. It thus appears, that it was only after the call in warranty was dismissed, and the last witness examined, on the trial of this cause, that it was disclosed who was the principal of these brokers.

Judgment having been rendered against the defendant, for the note and eight per cent. interest, he prosecutes the appeal.

The defendant relies upon the authority of a case decided in Maine, to the effect that one dealing with a person whom he knows to be a broker, may be presumed to know, from the nature of a broker's business, that he is acting as agent for a third person ; and upon Article 2985 of the Code, as decisive of this case. See 29 Maine, (16 Shep.) p. 434.

Plaintiff contends, that inasmuch as defendant did not disclose the name of his principal at the time of the transaction, he is himself bound as principal.

This court, in the case of *Bedford, Breedlove & Robeson* v. *Jacobs*, (a case against a broker), stated the law in these words, " An agent cannot discharge himself from responsibility, on the ground that he acted for another in making the contract, unless he shows that he communicated to the party with whom he contracts, his situation as agent, and that he acted so as to give a remedy over against his principal." 4 N. S. 530.

In the case of *Nott & Co.* v. *Papet*, this court made this remark, " We do not mean, however, to say, that at the time of the sale the broker must name the owner of the paper, but it is his duty to make known to the purchaser that he does not sell on his own account." 15 La. 310.

Mr. Parsons says, an agent makes himself liable, by concealing his character as agent. Parsons' Merc. Law, p. 147.

Mr. Justice Story lays down the doctrine as follows : " A person contracting as agent will be personally responsible where, at the time of the contract, he does not disclose the fact of his agency, but he treats with the other party as being principal ; for in such case it follows irresistibly, that credit is given to him on account of the contract. Thus, a factor, or broker, or other agent, buying goods in his own name for his principal, will be responsible to the seller therefor in every case where his agency is not disclosed." Story on Agency, §§ 266 and 267.

In the case before us, the defendant did not disclose, at the time of the s le, the fact that he acted as agent for any one ; and, until the last witness was examined in this case, it does not appear that the plaintiff was notified of any other person

against whom he could direct his action. It is, therefore, quite clear, without going further than this court went in the two cases cited from our reports, that the defendant is personally responsible.

We do not find that the Article cited from the Civil Code affects the case. Sec. 2981 C. C.

The District Court has fallen into an error in signing the judgment for the price of the note, and eight per cent. interest thereon. It should have been for the amount paid for the note, and legal interest thereon.

It is, therefore, ordered, adjudged and decreed by the court, that the judgment of the lower court be avoided and reversed; and we do now order, adjudge and decree, that the plaintiff do recover and have judgment against the defendant, *Jean Emile Faurès*, for the sum of eleven hundred dollars, with five per cent. interest thereon per annum, from the sixth day of October, 1857, until paid; the defendant paying the costs of the lower court, and the plaintiff those of appeal.