No. 3163.—WILLIAM V. KEARY et al. *v.* SYLVERT DUCOTE.

Parol evidence is inadmissible to prove an agent's authority to sell immovables. Buildings and other constructions attached to the soil are immovables by their nature. C. C. 464. Therefore, in a suit to cause the return of a building that has been demolished and removed, parol evidence will not be admitted to show authority in the agent of the owner to sell, nor to show a sale from the agent.

APPEAL from the Seventh Judicial District, parish of Avoyelles. Miller, J. Irion & Thorpe, for plaintiffs and appellees. Edwards & Ducoté, for defendant and appellant.

TALIAFERRO, J. The plaintiffs sue the defendant for a house which, they allege, he demolished and removed from their land, upon which it was erected, to his own premises, where it was reconstructed. They pray that defendant be required by decree of the court to restore the building to them and to pay them five hundred dollars for its wrongful use; two hundred and fifty dollars, the cost that would necessarily be incurred by them in removing it from defendant's land and rebuilding it on their own; and, in default of defendant's restoration and delivery of the house to them after judgment, that he be condemned to pay them the value thereof, viz: five hundred and fifty dollars and costs, etc.

The answer is a general denial. The defendant avers that he bought the property in controversy and which he calls a "common shed" from one Melina Brownson, who was living in the house when he purchased it and who represented to him that she was authorized to sell it. The defendant pleads the prescription of one, two and three years. There was judgment rendered in favor of the plaintiff, responsive in the main to the prayer of the petition, and the defendant appeals.

On the trial of the case the defendant offered to prove by the testimony of two witnesses the sale of the house to him by Melina Brownson and also her authority to sell as agent of the owners. This was objected to on the ground that parol evidence is inadmissible to

prove authority to sell real estate and immovable property. The objection was sustained and the defendant reserved a bill of exceptions. We think the evidence offered was properly rejected. "Lands and buildings or other constructions, whether they have their foundation in the soil or not, are immovable by their nature." C. C., art. 464. Transfers of immovable property must be in writing. C. C. 2275. Parol evidence is inadmissible to prove an agent's authority to sell immovables. 9 An. 178. The plea of prescription can not avail. The action is not for damages. The plaintiffs sue to recover property. The building was removed in the year 1865 or the year 1866. Citation in the present suit was served in December, 1869. The judgment of the court *a qua* decreed the plaintiffs to be the owners of the house and ordered, in the alternative, that the defendant restore the building or pay the plaintiffs the value thereof, viz: one hundred and twenty-five dollars and one hundred and fifteen dollars for the use and detention of it. It further ordered the defendant to pay the sum of two hundred dollars to cover costs of removing and replacing the building in its former position on Bayou du Lac. We think the court erred in awarding the last named sum for covering costs of removal.

It is therefore ordered, adjudged and decreed that the judgment of the district court so far as it decrees the defendant to pay two hundred dollars as cost of reinstating the building upon the land of the plaintiffs, b annulled, avoided and reversed. It is further ordered that in all other respects the judgment be affirmed, the plaintiffs and appellees paying costs of this appeal.