(110 So. 109)

No. 26008.

**TURNER v. SNYPE.**

(Oct. 5, 1926. Rehearing Denied Nov. 2, 1926.)

*(Syllabus by Editorial Staff.)*

**1. Contracts ☞10(5).**
Property owner who signed acceptance of written offer to purchase, made by real estate agents for undisclosed client, which offer did not bind client, was not bound to sell.

**2. Frauds, statute of ☞158(2).**
In suit for specific performance of agreement to sell realty, under Rev. Civ. Code, arts. 2275, 2276, 2992, 2997, proof of verbal agreement or contract of agency between purchaser and real estate agents was not admissible.

**3. Frauds, statute of ☞116(5).**
Both contract to buy or sell real estate and power of attorney to make such contract must be in writing.

**4. Principal and agent ☞143(3)—Mandate.**
Written offer by real estate agents for undisclosed client, accepted by property owner, even if binding as between owner and agents, was not enforceable in suit by undisclosed client to whom it was not assigned.

Appeal from Civil District Court, Parish of Orleans; Porter Parker, Judge.

Suit by John J. Turner against Carrie Jones, wife of Benjamin H. Snype, for specific performance. From a judgment rejecting plaintiff's demand, plaintiff appeals. Affirmed.

R. A. Tichenor, Sr., of New Orleans, for appellant.

H. W. Robinson and Howell Carter, Jr., both of New Orleans, for appellee.

O'NIELL, C. J. This is an appeal from a judgment rejecting the plaintiff's demand to compel the defendant to sell to him, for $4,500 cash, a certain house and lot in New Orleans. The suit is based upon a document bearing the printed caption, "Offer to Purchase," addressed to Messrs. Poer & Seixas, real estate agents in New Orleans, and signed "Poer & Seixas, Agts." The instrument is on a printed form used generally by Poer & Seixas in their business as real estate brokers and purports to be an offer made by Poer & Seixas, as agents for some undisclosed principal, to themselves, as agents for the owner of the property, to buy it for $4,500 cash, to deposit with Poer & Seixas 10 per cent. of the proposed price and to pay Poer & Seixas a commission of 3 per cent. Below the signature, and on the same sheet of paper, is a printed form headed "Acceptance," signed by the defendant; viz.,

"I hereby accept the above offer, terms and conditions, and agree to pay 3 per cent. commission. [Signed]: Carrie Jones."

The instrument purporting to be the offer to purchase contains a printed paragraph, in which the date only is inserted in typewriting, saying that the offer was made in good faith and would hold good and be irrevocable until the tenth day thereafter. On that day, Poer & Seixas wrote the defendant a letter saying that they confirmed their statement made on the previous Saturday that the name of their client was J. J. Turner. Nine days later, the defendant wrote to Poer & Seixas that she owned only a sixth interest in the property, the title to the whole of which appeared on record in her name, and that her mother owned a half and each of her two sisters a sixth interest. In the meantime, Turner, the plaintiff in this suit, had not bound himself by any written instrument to buy the property, and therefore could not have been compelled by the plaintiff to pay the price and take the title. It is true that,

on the fifth day after the offer to purchase was made by Poer & Seixas, as agents, and accepted by the defendant, Turner gave his check to Poer & Seixas for $450, being 10 per cent. of the proposed price, and they indorsed and cashed the check and retained the proceeds; but there was nothing on the check to identify it with the transaction, except a pencil memorandum, apparently written by Poer & Seixas after the check was signed by Turner, viz., "Deposit on property, 2938–2937 Milan street, N. O. La." On the next day after the defendant had informed Poer & Seixas that she owned only a sixth interest in the property, the attorney for Turner made written demand upon defendant to appear the next day before a certain notary public, at a specified hour and place, to sign a deed to Turner for the whole property and receive the price. In the meantime, the plaintiff had signed and placed on record an acknowledgment of her mother's and sisters' interest in the property, and Turner and his attorney knew that the instrument was recorded. In response to the demand of Turner's attorney, the defendant expressed a willingness to sell her sixth interest for a sixth of $4,500, but her proposal was not accepted.

[1-3] The judgment appealed from is correct. There was no contract between the plaintiff and the defendant when she informed the real estate agents that she owned only a sixth interest in the property and could not sell the whole. Even though she could have conveyed a valid title for the whole property when she accepted the offer made by Poer & Seixas, agents, and when she was notified by them that they were acting as agents for Turner, he was not bound to buy the property from her because there was no writing to that effect signed by him; and, as he was not bound to buy from her, neither was she bound to sell to him. The instrument which she had signed was a contract between her and Poer & Seixas, acting as the agents for an undisclosed principal, who, according to subsequent developments, was not bound by their act and could not have been compelled to confirm their act. The defendant's attorney objected to the introduction of proof of a verbal agreement or contract of agency between the plaintiff and Poer & Seixas, and the objection was well taken. A verbal mandate or power of attorney to buy or sell real estate is not a valid or enforceable contract. Rev. Civ. Code, arts. 2275, 2276, 2992, 2997. As the law requires that a contract to buy or sell real estate must be in writing, so also must a power of attorney to make such contract be in writing. Hall v. Sprigg, 7 Mart. (O. S.) 243, 12 Am. Dec. 506; Muggah v. Greig, 2 La. 593; Badon v. Badon, 4 La. 168; Miller v. Canal & Banking Co., 8 Rob. 242; Chapman, v. Hardesty, 10 Rob. 35; Breed v. Guay, 10 Rob. 37; Bauduc v. Conrey, 10 Rob. 472; Stevens v. Wellington, 1 La. Ann. 72; Dubroca v. Her Husband, 3 La. Ann. 332; Seaton v. Sharkey, 3 La. Ann. 333; Phelps v. Hodge, 6 La. Ann. 525; James & Co. v. Wade, 21 La. Ann. 548; Keary v. Ducote, 23 La. Ann. 196; Kunmengeiser v. Juncker, 28 La. Ann. 678; Hackenburg v. Gartskamp, 30 La. Ann. 900; Succession of Edwards, 34 La. Ann. 231; McKenzie v. Bacon, 40 La. Ann. 162, 4 So. 65; Dohan v. Dohan, 42 La. Ann. 452, 7 So. 569; St. Landry State Bank v. Meyers, 52 La. Ann. 1769, 28 So. 136.

[4] Even though, under the doctrine of Bedford v. Jacobs, 4 Mart. (N. S.) 528, and Parlange v. Faurés, 14 La. Ann. 445, the written offer and acceptance constituted a binding contract between the defendant and Poer & Seixas, on their own behalf, because of their failure to give the defendant a right of action over and against their supposed principal, the contract is not enforceable at the suit of Turner because it was never assigned to him; and, so long as it was not assigned to him, the defendant had the right to recede from it as far as he was concerned.

There are other defenses urged by the appellee which need not be considered.

The judgment is affirmed, at appellant's cost.