50 So.2d 464 (1951)
KRUPP et ux.
v.
NELSON et al.
No. 19510.
Court of Appeal of Louisiana, Orleans.
February 12, 1951.
*465 George Piazza, New Orleans, for plaintiffs and appellants.
Frederick G. Veith and Robert J. Lacey, Jr., New Orleans, for defendant and appellee Miss Hilda Nelson.
McBRIDE, Judge.
On April 5, 1948, the real estate brokerage firm of Victor Clesi Realty, Inc., through its secretary-treasurer, purporting to act as agent for an undisclosed principal, submitted to the office of Cliff Probst, the real estate broker representing the owner, a written offer to purchase the premises known by the Municipal Nos. 3208-10 *466 Toulouse Street, New Orleans, for the price and sum of $7,125 cash. The offer contained the stipulation, "community driveway to be embodied in titles." On the same day, the offer was accepted by the owner of the property, Hilda Nelson, who is made one of the defendants. Mrs. Krupp, one of the plaintiffs, then deposited with Cliff Probst ten per cent of the purchase price.
Also on the same day (the record not being entirely clear as to whether it was before or after the above mentioned offer to purchase had been submitted to the office of Cliff Probst), Mrs. Philip J. Krupp submitted, on the identical standard form of "Agreement to Purchase or Sell" generally used by the Victor Clesi Realty, Inc., office, an offer addressed to Cliff Probst to purchase the same property on the same terms and conditions as are stipulated in the offer which the Clesi firm submitted to Probst and which was accepted by the owner. Mrs. Krupp's offer, which was retained by the Clesi firm, was never submitted to Probst, nor was it ever accepted by the owner, Hilda Nelson. We gather from the record that neither Hilda Nelson nor her broker, Cliff Probst, ever knew of the existence of the offer which Mrs. Krupp had signed and which remained at all times in possession of the Clesi firm.
Upon the owner's acceptance of the offer submitted by the Clesi firm on behalf of its undisclosed principal, Mr. and Mrs. Philip J. Krupp employed an attorney to examine title to the property and to prepare the act of sale. A survey was obtained, and all the necessary certificates were applied for.
In due course, the notary public who was to officiate fixed a time for the passage of the formal act of sale, and at the appointed time Mr. and Mrs. Krupp, Hilda Nelson, and a representative from each of their respective real estate broker's office, were present in the notary's office.
The abstract of title to the property, which the attorney for the Krupps had prepared, did not show that Hilda Nelson owned any right to a community driveway between the property to be sold and the adjoining property, and the notary embodied in the proposed act of sale a formal dedication of a strip of ground between the two properties as a community driveway. A dedication of the community driveway necessarily required the presence and signature of the owner of the adjoining property, who happened to be the sister of Hilda Nelson, and when Hilda Nelson was requested by the notary to have her sister appear and join in the dedication of the community driveway, she stated that her sister had refused to do so. Subsequently, plaintiffs' attorney addressed a letter to Hilda Nelson calling upon her to deliver the community driveway in accordance with the offer and acceptance. She failed to reply, and this suit ensued.
Mr. and Mrs. Krupp, claiming that the purchase offer was submitted by the Clesi office as their agent, seek to recover from Hilda Nelson, on the allegation that she failed and was unable to perform her contract to deliver to them the property, the sum of $1646, itemized as follows:

Return of double the deposit allegedly
 made by plaintiffs $1,425.00
Cost of repairing front porch
 3208-10 Toulouse Street 90.00
Bill of attorney for examining title 60.00
Bill of notary public for services
 in preparing act of sale 25.00
Cost of certificates and survey 46.00
 _________
 Total $1,646.00

Cliff Probst was also impleaded as a defendant, it being alleged that plaintiffs had deposited with him ten per cent of the purchase price of the property, or $712.50, and judgment was sought against him for said amount. Plaintiffs also prayed for an allowance to them of a reasonable attorney's fee.
Hilda Nelson filed an answer to the petition, generally denying the allegations thereof.
After a trial on the merits of the case in the lower court, judgment was rendered in favor of the plaintiffs and against Hilda Nelson, for the sum of $90. Plaintiffs' appeal from that judgment is now before us. An answer to the appeal was filed by Hilda Nelson, in which she prays that the judgment *467 against her for $90 be reversed, and that plaintiffs' demand therefor be rejected.
Cliff Probst is now out of the case, as we are informed that subsequent to the rendition of the judgment it was agreed, without objection on the part of Hilda Nelson, that Probst would return the deposit to plaintiffs, which he has done, and plaintiffs assert no further claim against him.
According to his written reasons for judgment, the trial judge concluded that the description of the property as embodied in the contract is vague and indefinite, and that the subject matter of the sale being uncertain, there was no meeting of the minds of the parties, and the contract is unenforceable. The sum of $90 awarded to plaintiffs represented the costs expended in having the front porch and steps of the property repaired.
The defense of Hilda Nelson is that she was not bound by the contract for three reasons, viz.: (1) Victor Clesi Realty, Inc., had no written authority or mandate from the Krupps to act as their agent in submitting the purchase offer to Cliff Probst, (2) Mrs. Krupp did not have written authority or a mandate from her husband to represent him in offering to purchase the property, and (3) the description of the property as contained in the agreement is too vague and indefinite to identify the thing sold.
The lower court, concluding that the lastly stated defense was valid, adjudicated the case on that basis, but we prefer to predicate our decision on the other two defenses.
The record is absolutely barren of any evidence showing or tending to show that Victor Clesi Realty, Inc., was ever specifically authorized by Mr. or Mrs. Krupp in writing to submit on their behalf and as their agent any offer to buy the property, nor does it appear that Mr. and Mrs. Krupp, or either of them, ever ratified in writing the action of the Clesi firm in making the offer as their agent.
Counsel for plaintiffs strenuously argues that Victor Clesi Realty, Inc., was the duly authorized agent of Mr. and Mrs. Krupp, and was fully authorized to submit the purchase offer to Probst on their behalf. This argument is based on the theory that the offer to purchase signed by Mrs. Krupp, and which was delivered to and retained by the Clesi firm, constituted, in effect, a mandate vesting in the Clesi firm full and complete authority to act as agent in offering to buy the property for the account of plaintiffs.
It is apropos here to observe that defendant's attorneys timely objected to the introduction of any proof of a verbal agreement or contract of agency between the plaintiffs and Victor Clesi Realty, Inc., and also objected to the introduction into evidence of the offer signed by Mrs. Krupp, on the ground that the offer, which bore the signature of Mrs. Krupp, was not a mandate or power of attorney. The trial judge thereupon dictated into the record the understanding that the objection should apply to all evidence of a similar nature, without the necessity of repetition. The judge also stated that if Victor Clesi Realty, Inc., did not produce a proper mandate authorizing it to act for the Krupps, he would hold that the offer and acceptance upon which plaintiffs' suit is predicated was invalid. However, the judge never made a ruling upon the objections. Our opinion is that the objections were valid and should have been sustained.
The offer signed by Mrs. Krupp to buy the property, which her broker retained and never submitted to Probst, cannot be classified or considered as a power of attorney constituting Victor Clesi Realty, Inc., to act as the agent for her and her husband and empowering the realty firm to submit to Probst an offer to purchase for their account. The document in question does not partake of the form of a mandate, nor does it remotely resemble such document, as nowhere is it stated that Mrs. Krupp appointed or intended to appoint the Clesi firm to represent her in making a purchase offer to Probst as the agent for an undisclosed principal. The document does not contain the sacramental essentials of a mandate to buy property. Article 2997, R.C.C. emphatically states that the power to buy or sell must be expressed and special, and according to the well established jurisprudence, a power of attorney to make a contract to buy or sell real estate must, like *468 the contract itself, be in writing. Turner v. Snype, 162 La. 117, 110 So. 109, and the numerous cases therein cited.
The instant case involves almost the identical questions which concerned the Supreme Court in the cited case of Turner v. Snype, supra. There, the plaintiff sought to compel the defendant to sell to him certain real estate, his offer to purchase being a document similar to the one before us, the instrument being on a printed form generally used by a firm of real estate brokers and purported to be an offer made by the brokers as agent for an undisclosed principal. The defendant, claiming to be the owner of the property, accepted the offer, and on the same day the real estate name brokers wrote to her divulging the name of their undisclosed client. Some days later, it developed that the defendant owned only a fractional interest in the property, and was unable to perform her obligations under the contract, and the plaintiff, the purported undisclosed principal of the real estate brokers, filed his suit for specific performance. The suit was dismissed for the reasons that the defendant was not bound by the contract, as the real estate brokers had no written authority or power of attorney to make the offer on behalf of plaintiff, and, therefore, there was no contractual relationship between plaintiff and defendant. The Court said:
"The judgment appealed from is correct. There was no contract between the plaintiff and the defendant when she informed the real estate agents that she owned only a sixth interest in the property and could not sell the whole. Even though she could have conveyed a valid title for the whole property when she accepted the offer made by Poer & Seixas, agents, and when she was notified by them that they were acting as agents for Turner, he was not bound to buy the property from her because there was no writing to that effect signed by him; and, as he was not bound to buy from her, neither was she bound to sell to him. The instrument which she had signed was a contract between her and Poer & Seixas, acting as the agents for an undisclosed principal, who, according to subsequent developments, was not bound by their act and could not have been compelled to confirm their act. The defendant's attorney objected to the introduction of proof of a verbal agreement or contract of agency between the plaintiff and Poer & Seixas, and the objection was well taken. * * *
"Even though, under the doctrine of Bedford v. Jacobs, 4 Mart., N.S., 528, and Parlange v. Faures, 14 La.Ann. [444] 445, the written offer and acceptance constituted a binding contract between the defendant and Poer & Seixas, on their own behalf, because of their failure to give the defendant a right of action over and against their supposed principal, the contract is not enforceable at the suit of Turner because it was never assigned to him; and, so long as it was not assigned to him, the defendant had the right to recede from it as far as he was concerned."
The only difference we discern between the case now under consideration and Turner v. Snype is that the latter involved a demand for specific performance. We are concerned with a demand for a return of double the deposit, and damages.
What has been said with reference to the lack of proper authority in Victor Clesi Realty, Inc., to act for the plaintiffs, might also be said with equal force respecting Mrs. Krupp's representation of the community of acquets and gains which existed between herself and her husband. It does not appear that Mr. Krupp ever authorized her to buy the property for his account.
In Parham v. Gaspard, La.App., 26 So.2d 300, 303, our brothers of the Second Circuit said, and correctly so, that: "The wife may act as agent for the husband in the acquisition of property that becomes a community asset, but in the case of real estate authority to do so must be in writing. Article 2997, Civil Code. See Lewis et al. v. King et al., 157 La. 718, 103 So. 19; Noble v. Plouf et al., 154 La. 429, 97 So. 599; Turner v. Snype, 162 La. 117, 110 So. 109; Hammonds v. Buzbee et al., 170 La. 573, 128 So. 520."
In regard to the claim of $90, the evidence shows that pending the confection of the act of sale, Mr. Krupp noticed that the *469 front porch and steps of the house were in a bad condition, and he took it upon himself to have repairs which he believed necessary made, and in doing so expended the above amount.
The trial judge believed that, whereas Hilda Nelson's property was benefited by the repairs made by Krupp, she should pay for them, and not be allowed to enrich herself at another's expense. We are fully in accord with that conclusion. Krupp made the repairs and expended his money in good faith, and we believe that a spirit of fairness and equity dictates that he is entitled to reimbursement therefor from the owner of the premises.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.
JANVIER, Justice (concurring).
Because Turner v. Snype, 162 La. 117, 110 So. 109, seems to be directly in point, I concur in the opinion and decree.