No. 131.—James II. Mumford v. E. McKinney.

Parol evidence is not admissible to establish an agency to sell land.

A party cannot attack, in the courts, the claim of a pre-emptor, without showing a prior equitable right to the land.

A possessor in good faith on eviction, is entitled to recover the amounts expended by him in useful improvements made on the land.

APPEAL from the District Court, parish of Natchitoches. *Orsborn, J. R. J. Bowman* and *B. J. Cunningham*, for plaintiff and appellant. *Wm. M. Levy*, for defendant. *A. H. Pierson* and *J. M. B. Tucker*, for warrantors, appellees.

LUDELING, C. J. This is a petitory action to recover seventy-two acres of land situated in the parish of Natchitoches. The plaintiff claims rents for the lands from first day of January, 1852, and for damages.

The defendant sets up title by purchase from T. C. Walmsley, who bought from Whitfield Williams, who purchased from Walkinshaw, who bought from Zadoc Mumford, the father of the plaintiff. The vendors were successively called in warranty. The defendant and the warrantors derive their title from Zadoc Mumford, and they allege that the plaintiff, who is the son of Zadoc Mumford, ratified the sale.

There was a verdict and judgment for the defendant, and the plaintiff has appealed.

There was a bill of exceptions taken to the ruling of the judge *a quo* receiving the testimony of Zadoc Mumford, on the grounds that parol testimony is not admissible to establish an agency for the sale of lands, nor to prove a subsequent ratification, and that the written act could not be contradicted.

James H. Mumford v. E. McKinney.

The evidence could not be received to establish an agency to sell lands. C. C. 2961.

It was admissible to prove a ratification. Crownover v. Randall (decided at Monroe.)

The second bill of exceptions was to the admission of proof that at the time the land was pre-empted by plaintiff he was a minor, and that he perpetrated a fraud upon the government.

It is well settled that one, without a prior equitable right to the land, can not attack in the courts the claim of the pre-emptor, who holds a title from the United States. In this case the land department at Washington may cancel the entry, but this court has no right to examine into the regularity of the proceedings before the Register and Receiver, as it is not pretended that the defendants had a prior equitable right to the land when the pre-emptor entered it. Wilcox v. Jackson, 13 Peters—; Lyttle v. the State of Arkansas.

The record does not contain any proof of a ratification by the plaintiff of the sale; nor had the defendant been in possession of the lands ten years when this action was commenced.

The defendant is a possessor in good faith, and he is entitled to be reimbursed the amounts expended in useful improvements. The verdict and judgment are erroneous. But justice requires that the case should be remanded, to enable the defendant to prove more accurately the enhanced value of the property resulting from the improvements placed on the lands.

It is therefore ordered and adjudged that the verdict of the jury be set aside; that the judgment of the District Court be annulled, and that this case be remanded to the District Court to be tried according to law, and that the appellees pay the costs of appeal.

Rehearing refused.