No. 3821

Second Circuit

———

STEWART v. STEWART ET AL.

———

(May 20, 1931. Opinion and Decree.)

———

W. U. Richardson, of Arcadia, attorney for plaintiff, appellee.

R. L. Williams, of Arcadia, attorney for defendant, appellant.

P. E. Brown and C. O. Brown, of Arcadia, attorneys for interveners, appellees.

WEBB, J. In this action plaintiff, J. D. Stewart, of Bienville parish, La., alleged that he and his brothers, Ephram Stewart, deceased, and King S. Stewart, of Houston, Tex., inherited from their father, W. W.

Stewart, a certain tract of land containing 150 acres and an undivided interest in another tract, containing 30 acres of land, all lying in the parish of Bienville; that he and his brothers have been recognized as the sole heirs of their father and placed in possession of said property; and that Ephram Stewart had sold his interest in the property to J. O. Stewart, of same parish and state.

Plaintiff further alleged that he had paid taxes assessed against the property amounting to several hundred dollars; and that he desired to obtain a partition of the property, which he alleged was not divisible in kind; and he prayed that an attorney at law be appointed to represent King S. Stewart, and for service of process on said attorney at law and J. O. Stewart, and, after due proceedings had, for judgment against defendants ordering the said property partitioned by licitation and for judgment ordering the amount of taxes paid by him deducted from the proceeds of the sale, and the balance, after payment of costs, to be distributed to the respective co-owners, etc.

Service of process was had and, pending the cause being placed at issue, an intervention was filed by Dora Stewart and Mary Stewart Muldrew, sole heirs of Ephram Stewart, attacking the sale made by their father to J. O. Stewart on the ground that Ephram Stewart had signed the deed to the property in error, and on the further ground of lesion beyond moiety, and they prayed that the sale be avoided and set aside, and in event of the property being partitioned, that their share be paid to them.

J. O. Stewart excepted to the intervention on the grounds that there was a nonjoinder of parties and a misjoinder of causes of action, which was overruled; and he answered the action for partition and the intervention denying the allegations of plaintiff and interveners, with the exception that he admitted that Ephram Stewart was an heir of W. W. Stewart, and that he had purchased the interest of Ephram Stewart, as alleged by plaintiff, and he also pleaded the prescription of three years against the demand for taxes alleged to have been paid by plaintiff.

A default was entered against King S. Stewart, and trial was had and the cause submitted. Prior to a decision being rendered, plaintiff, J. D. Stewart, died, and his heirs were substituted as parties plaintiff; and following, judgment was rendered in favor of the interveners, Dora Stewart and Mary Stewart Muldrew, avoiding and annulling the sale from Ephram Stewart to J. O. Stewart; and ordering interveners to pay J. O. Stewart $50, the consideration of the sale, and J. O. Stewart to pay all costs of the intervention; and in favor of the plaintiffs, heirs of J. D. Stewart, and against King S. Stewart, Dora Stewart, and Mary Stewart Muldrew, ordering the property sold or partitioned by licitation and the proceeds of the sale, after payment of the taxes paid by J. D. Stewart and all costs of suit, distributed equally between plaintiffs, heirs of J. D. Stewart, King S. Stewart, Dora Stewart, and Mary Stewart Muldrew; from which judgment J. O. Stewart alone appeals.

In presenting the cause here, counsel representing the parties said that the only questions to be considered are, first, whether or not the judgment avoiding and annulling the sale from Ephram Stewart to J. O. Stewart was correct, and in event it should be held that the judgment was not correct, whether or not the amount awarded plaintiff for taxes paid should be deducted from the proceeds of the sale; and counsel have devoted their discussion solely to these questions.

The decree avoiding the sale was based on the demand that there was lesion beyond moiety, and the sole question involved is purely a question of fact relative to the value of the land at the time of the sale. From our review of the evidence, we find it conclusively established that the price paid for the property was less than one-half of its value at the time of the sale, and that there was lesion beyond moiety (article 1860 et seq., C. C.), and therefore the judgment avoiding the sale was correct.

Under the statement of counsel above referred to, it is unnecessary to consider the question relative to the deduction of taxes paid by plaintiffs from the proceeds of the sale, as we understand it is conceded that the judgment is correct in that respect. The judgment appealed from is therefore affirmed at appellant's cost.