152 So. 124.

**TRIANGLE FARMS, Inc., v. HARVEY.**

No. 31575.

July 7, 1933.

On Rehearing Jan. 2, 1934.

Charles T. Wortham, of Donaldsonville, for appellant.

C. C. Weber, of Donaldsonville, for appellee.

BRUNOT, Justice.

This is a petitory action coupled with an injunction. The defendant, in his answer, alleges that he is in possession of the property described in the petition without title thereto, but that he is holding under a written contract executed in his favor by the Sherburne Industries, Inc., with full written authority of the plaintiff, to sell to defendant the said land for $9,482.50, one-half of said price to be paid in ninety days from the date of the contract, and one-half thereof to be paid in five equal annual installments with 6 per cent. per annum interest thereon, to be represented by notes identified with the deed and mortgage reserved to secure their payment; that in compliance with his contractual obligations he paid the Sherburne Industries, Inc., $4,741.25 timely, but no deed to the property has been tendered him, and that the bringing of this suit is an active breach, and a judicial repudiation, of said contract.

The defendant expressly consents that the contract be rescinded, but, as plaintiff in reconvention, he prays for judgment against the plaintiff for $4,741, the one-half of the purchase price of the property paid by him to Sherburne Industries, Inc., with legal interest thereon from March 14, 1930, and for costs.

It is not necessary to state the incidental pleadings and rulings, for the reason that the only question presented for decision by this court is whether or not, under the established facts, the plaintiff in reconvention can recover from the Triangle Farms, Inc., the $4,741 he paid to the Sherburne Industries, Inc.

We have read the record carefully, and concur in the finding of the trial judge that

the Sherburne Industries, Inc., had no written contract of agency from the plaintiff to sell the land involved in this suit. Some parol testimony was introduced to show a verbal authorization to do so, but parol testimony cannot be received to establish an agency to sell land. R. C. C. art. 2992; Mumford v. McKinney, 21 La. Ann. 547. This testimony was doubtless admitted to prove that the plaintiff consented to, participated in, ratified or profited by, the contract, but the trial judge held, and our appreciation of the testimony leads us to the same conclusion, that the evidence fails to establish, with reasonable certainty, a single fact upon which a judgment against the plaintiff can be based.

This is a regrettable case. The defendant, like numberless victims of misplaced confidence, was led to the shambles and sheared by courteous and affable promoters, who thought little and cared less for the consequences which might follow in the wake of their activities.

The learned trial judge has written a carefully prepared opinion in which he has correctly resolved the facts and rendered judgment thereon in favor of the plaintiff as prayed for in its petition, and rejecting the demand of the defendant, as plaintiff in reconvention, all at defendant's cost.

The judgment is correct, and it is therefore affirmed at appellant's cost.

O'NIELL, C. J., and ROGERS and ODOM, JJ., are of the opinion that the defendant's reconventional demand should be dismissed as in case of nonsuit.

On Rehearing.

LAND, Justice.

In our original opinion the court said: "We have read the record carefully and concur in the finding of the trial judge that the Sherburne Industries, Inc., had no written contract of agency from the plaintiff to sell the land involved in this suit. Some parol testimony was introduced to show a verbal authorization to do so, but parol testimony cannot be received to establish an agency to sell land. R. C. C. art. 2992; Mumford v. McKinney, 21 La. Ann. 547. This testimony was doubtless admitted to prove that the plaintiff consented to, participated in, ratified or profited by, the contract, but the trial judge held, and our appreciation of the testimony leads us to the same conclusion, that the evidence fails to establish, with reasonable certainty, a single fact upon which a judgment against the plaintiff can be based."

Henry N. Sherburne, former president of Sherburne Industries, Inc., and of Triangle Farms, Inc., testified that: "I remember discussing this contract very thoroughly with the officials of the Triangle Farms, Inc., but do not remember whether it was ever reduced to writing and signed by the officials or not." Tr. p. 60.

This witness states that the contract provided "that Sherburne Industries was to sell the land at $250.00 per acre. The Triangle Farms, Inc., to receive $100 per acre, J. H. Cowan, Land Salesman, was to receive $100 per acre, and Sherburne Industries was to receive $50.00 per acre." Tr. p. 57.

This witness further states that the Triangle Farms, Inc., had the Evan Hall Planta-

'tion subdivided into lots for the purpose of, selling the farm, called "Triangle Farms," and that the Triangle Farms, Inc., furnished the money for building the house for Frank Harvey which was built on lot No. 5 of the said subdivision of the Evan Hall Plantation. Tr. p. 61.

Defendant, Frank Harvey, also testified that a house was built on the land for him to live in, and that he had dealings with a Mr. Churchill, who represented the Triangle Farms, Inc., "about the land, the house and one thing or other."

When defendant was asked what these dealings were, counsel for the Triangle Farms, Inc., objected to the question as inadmissible, and the objection was sustained by the trial judge. Tr. pp. 91, 94.

In other words, defendant was not permitted by the court below to introduce all of his parol testimony.

It is true that McGuire, secretary of plaintiff, testified that plaintiff had never received any consideration "under this contract of Harvey's." Tr. 99, 100.

However, this is a matter to be finally determined, after defendant has been granted full opportunity to present all of his parol testimony in the case.

 It is well settled that parol testimony is inadmissible to establish an agency to sell land, and that defendant cannot establish title to the property in dispute by such proof. At the same time, parol testimony is, without doubt, admissible to show that plaintiff received the purchase price, or part of same, paid by defendant under a verbal agreement to sell, since defendant would have the clear

right, under such state of facts, to recover the amount so paid.

Our former decree in this case rejected the demand of defendant, as plaintiff in reconvention, at his costs.

For the reasons assigned, it is ordered that our original decree be amended so as to dismiss the demand of defendant, as plaintiff in reconvention, as of nonsuit, at his costs; and, as thus amended, our original decree is reinstated and affirmed.