This is a suit by certain heirs of a vendor to rescind the sale of immovable property on the grounds of lesion beyond moiety and insufficient description.
Plaintiffs, Miss Bessie Wolfson and Mrs. Lena Wolfson Katz, allege in their petition that in the matter of Succession of Fannie Wolfson, No. 225,651 of the docket of the Civil District Court for the Parish of Orleans, they, together with Fannie B. Nelken, Marguerite Rosina Wolfson, and Julian Wolfson, as legatees under the last will of Fannie Wolfson, were recognized and sent into possession of certain property, which is the subject matter of this suit, in the proportions of one-half to Bessie Wolfson and one-eighth each to the other four legatees. They further allege that the Succession of Alex M. Lisso and some of the legatees under the last will of Lisso claim this property by virtue of a notarial act executed by Fannie Wolfson on August 27, 1936, wherein she "purported to transfer" to Lisso all of her right, title and interest in the property; that this notarial act was null and void since the description of the property in the act was too vague and indefinite to sufficiently designate it. Plaintiffs also allege that this act of sale was null and void for the additional reason that the transfer was made for a purported consideration of $100 cash, whereas the property conveyed actually had a value of not less than $920. That, under the last will of Lisso, his residuary legatees were Joseph N. Wolfson, Julian Wolfson, Marguerite Rosina Wolfson, Mrs. Lena Wolfson Katz (one of the plaintiffs herein), Bessie Wolfson (also a plaintiff), and Nora Navra, in the proportion of 10 per cent. each, Mrs. Willie Gertrude Pollock in the proportion of 15 per cent., and Touro Infirmary, Congregation Temple Sinai and Jewish Widows and Orphans Home (now Jewish Children's home), jointly, in the proportion of 25 per cent., equally divisible among the latter organizations.
Plaintiffs further allege in their petition that, as owners of an undivided interest in the property, they are entitled to bring this suit to vindicate their title and to have a judgment decreeing the notarial act null and void and to establish that the Succession of Alex M. Lisso and the legatees under Lisso's will have no title or interest in such property.
They pray that the testamentary executors and the residuary legatees of Lisso who may be found within the jurisdiction of the court, or who may submit themselves thereto — namely, Joseph N. Wolfson, Julian Wolfson, Marguerite Rosina Wolfson, Nora Navra, Mrs. Gertrude Pollock, Touro Infirmary, Congregation Temple Sinai, and Jewish Widows and Orphans Home — be cited to appear and answer, and that, after due proceedings, there be judgment in favor of plaintiffs and against the defendants, in solido, decreeing the purported transfer by Fannie Wilson to Alex M. Lisso a nullity. Plaintiffs further pray that they and their co-owners be recognized as the true and lawful owners of the property in the proportions of an undivided one-half to Bessie Wolfson, an undivided one-eighth each to Mrs. Lena Wolfson Katz, Fannie B. Nelken, Marguerite Rosina Wolfson and Julian Wolfson, and, as such, entitled to the full and undisturbed possession thereof; that, should it be held that there was lesion beyond moiety in the sale, the legatees of Fannie Wolfson be permitted, within the time to be fixed by the court, to tender to the executors and legatees of Lisso (vendee) a sum representing the consideration which passed from Lisso to Fannie Wolfson at the time of such transfer.
For the purposes of this appeal, we need make no reference to the pleadings of any defendants except that filed on behalf of Touro Infirmary, Congregation Temple Sinai and Jewish Children's Home. These particular defendants filed an exception of no right or no cause of action, which was sustained by the lower court. From the judgment sustaining this exception and dismissing plaintiffs' suit as to the enumerated defendants, plaintiffs have appealed.
From the allegations of the petition it will be seen that plaintiffs, as heirs of Fannie Wolfson, the vendor, seek to rescind the sale of the immovable property on two grounds: (1) Insufficient description, and (2) lesion beyond moiety.
We experience little difficulty in disposing of the first question. Plaintiffs themselves have removed any possible uncertainty as to the property conveyed, as they have *Page 233 
specifically described it in their petition. "That is certain which can be made certain". Furthermore, the rights of no third persons are involved here. Plaintiffs are heirs of the original vendor; defendants, of the original vendee. It is shown that plaintiffs accepted the succession of the vendor, the inventoried effects of which, it is conceded, contained a specific description of the property here involved. Furthermore, plaintiffs have specifically described and identified the property in their petition. There can be no doubt that the property thus identified was intended to be conveyed by the parties to the deed.
Courts are always liberal in construing the description of property in deeds, so as to sustain, rather than defeat, the conveyance. 16 American Jurisprudence, 585, 586; 18 Corpus Juris, 180, 181; 26 C.J.S., Deeds, § 30.
The prevailing rule, frequently approved for the construction of deeds, was stated in the case of Harrill v. Pitts,194 La. 123, 193 So. 562, 565, thusly:
"* * * the description in a deed will be sustained whenever the instrument affords any description by which the property can be identified, either through the description in the deed itself or by means of extrinsic, competent evidence, * * *".
See, also, Willis et al. v. Ruddock Cypress Company, Ltd.,108 La. 255, 32 So. 386; Tircuit et al. v. Burton-Swartz Cypress Company, 162 La. 319, 110 So. 489.
In the case at bar, plaintiffs having brought the suit in the restricted capacity of coheirs, it follows that these respective heirs can enjoy or exercise no rights greater than those possessed by their ancestor. Article 23, Code of Practice. It is further well recognized that, in the construction of vague and uncertain deeds, the bias of presumptive construction is inclined against the grantor who assumes to speak, rather than against the purchaser. Hence, it follows that these plaintiffs, who have, in their respective capacities as heirs, recognized and identified what may have been uncertain, cannot now be heard to urge the contrary of that which, unquestionably, their ancestor intended to and did actually convey.
The ruling of the judge of the court below resolving that plaintiffs' petition failed to state both a cause and a right of action, insofar as it was a demand for rescission on the ground of insufficient description, was correct.
We pass to a consideration of the question of lesion. In the Revised Civil Code, Title VII, covering "Sale," Chapter 8, "Of The Resolution And Of The Rescission Of The Sale", under section 2, entitled "Of The Rescission of Sales On Account Of Lesion", we find the following articles:
"2589. If the vendor has been aggrieved for more than half the value of an immovable estate by him sold, he has the right to demand the rescission of the sale, even in case he had expressly abandoned the right of claiming such rescission, and declared that he gave to the purchaser the surplus of the thing's value."
"2600. The provisions contained in the preceding section
relative to the case where several coproprietors have sold a thing, either jointly or separately, and to that where the vendor, or the buyer, has left several heirs, must likewise be applied to the exercise of the action of rescission for lesion beyond moiety." (Italics ours.)
In the preceding section, that is, section 1 — "Of The Power Or Right Of Redemption" — of Chapter 8 of Title VII, appear the following articles:
"2580. If several persons have jointly sold by a single contract a joint estate, each one of them can individually exercise the right of redemption for that share only which belonged to him."
"2581. The same principle governs when a person, having sold an estate, leaves several coheirs; each of these coheirs can only exercise the right of redemption for the portion of the estate which falls to his share."
"2582. But in the cases provided for in the two preceding articles, the purchaser may require, if he deem it proper, thatall the covendors and coheirs may be made parties to the suit,
for the purpose that they may agree together on the redemption of the whole estate; and in case the covendors or coheirs should notagree, the purchaser shall be hence dismissed." (Italics ours.)
From the foregoing articles it is manifest that the action for rescission of a sale on account of lesion may be brought by the heirs of the vendor (Article 2600) and that the purchaser sued in such action may require that all coheirs be made parties to the suit.
In Tulane Law Review, Vol. XIV, pp. 249-255, in an article entitled "Lesion Beyond *Page 234 
Moiety in The Law of Sale", the author states that "The action (lesion) may be brought by the heirs of the vendor, * * *". As authority for this statement, he cites Article 2600 of the Civil Code, and Laurent, "Principes de Droit Civil Francais", XXIV, No. 441, p. 434.
Our brothers of the Second Circuit have held the action of lesion to be heritable, thereby recognizing the right of the heirs of a deceased owner to avoid the sale of property for less than one-half value. Stewart v. Stewart, 16 La.App. 413, 134 So. 719.
It appears from the petition that the vendor here, Fannie Wolfson, under her last will, named as legatees Bessie Wolfson, Mrs. Lena Wolfson Katz, Fannie B. Nelken, Marguerite Rosina Wolfson and Julian Wolfson. These five named persons were recognized as owners and sent into possession of the property which is the subject-matter of this suit. Only two of these persons, Bessie Wolfson and Mrs. Lena Wolfson Katz, are plaintiffs herein. These plaintiffs seek to have themselves and their co-owners, namely, Fannie B. Nelken, Marguerite Rosina Wolfson and Julian Wolfson, recognized as owners of the property involved. Their demand is met by an exception of no right and no cause of action filed by defendants, Touro Infirmary, Congregation Temple Sinai and Jewish Children's Home. Through this exception these enumerated defendants avail themselves of the provisions of Article 2582 of the Revised Civil Code giving them the right to require that all coheirs — namely, Bessie Wolfson, Mrs. Lena Wolfson Katz, Fannie B. Nelken, Marguerite Rosina Wolfson and Julian Wolfson — be made parties to this suit. Necessarily it follows that, since all the coheirs of the vendor are not parties to this suit, the action of the court below in sustaining the exception as to the demand for rescission on the ground of lesion would have been correct were it not for the fact, as will be hereafter shown, that the judgment on the exception also involved an outright dismissal of the suit and, thus, deprived plaintiffs of the opportunity to make their coheirs parties to the proceeding.
Under Article 2582 of the Code, supra, there exists no prohibition affecting the right of a coheir to institute a suit having as its cause the redemption of an estate. The suit to redeem may be instituted by one or more of the coheirs, meaning, necessarily, that it is not mandatory that all coheirs be made parties at its very inception. This interpretation is made manifest by the language employed, wherein it is stated that "* * * the purchaser may require, if he deem it proper, that all the covendors and coheirs may be made parties to the suit, for the purpose that they may agree together on the redemption of the whole estate; * * *". The right of requiring additionally named parties necessarily presupposes the existence of a cause and right of action. The codal article, supra, has for its objective our modern trend of jurisprudence, i.e., the liberalizing of the right of joinder with an avoidance of a multiplicity of suits, with its attending annoyance and expense. Hence, it is manifest that coheirs who have brought their suit should, before their suit is dismissed under an exception, as was the case here, be afforded the opportunity of joining their coheirs as parties to the proceeding. This is all that the purchaser may, at the outset, require, and, when this requirement has been complied with, the matter resolves itself into the agreement or disagreement of the coheirs, in which latter instance the purchaser shall be dismissed.
Accordingly, plaintiffs should have been permitted to cite their coheirs as defendants and thus compel such coheirs to join with plaintiffs in the prosecution of their demand, or, failing in this, be subject to have their interest in the property involved forever foreclosed by whatever judgment that may be rendered in this proceeding. See Pierce et al. v. Robertson,190 La. 377, 182 So. 544; De Hart et al. v. Continental Land Fur Company, Inc., et al., 196 La. 701, 200 So. 9. Under this procedure, the failure or refusal of some of the coheirs to join with plaintiffs in the prosecution of this suit would not preclude or suppress the right of plaintiffs from asserting their cause of action against defendants. The opportunity of so joining these parties should be first afforded plaintiffs. Accordingly, when this is accomplished, all parties having an interest in the subject-matter are before the court, thus finally affording, at one hearing, a determination and fixing of their respective rights.
Insofar as it is a demand or action for rescission on the ground of lesion, plaintiffs' petition sets out both a right and a cause of action. The same, however, *Page 235 
cannot be said of the demand for rescission on the ground of the insufficient description of the property involved. The rule that, if a petition sets out a cause of action as to any point, it will not be dismissed on exception of no cause of action, is well recognized. Smith v. Kennon, 188 La. 101, 175 So. 763; Harrosh v. Fife Brothers Health Association, La.App., 1 So.2d 323. Accordingly, the judgment of the lower court sustaining the exception of no cause or right of action to plaintiffs' petition and dismissing their suit must be reversed and the case remanded to the lower court.
For the reasons assigned, the judgment appealed from is annulled, avoided and reversed, and it is now ordered that this cause be remanded to the Civil District Court for the Parish of Orleans for further proceedings according to law and consistent with the views herein expressed. All costs to abide the final disposition of the case.
Reversed and remanded.