43 So.2d 682

## BORDELON v. CRABTREE.

### No. 38785.

Dec. 9, 1949.

Philo Coco, Marksville, for appellant.

Couvillon & Couvillon, Marksville, for defendant-appellee.

FRUGE, Justice.

This is an appeal by Ferdinand J. Bordelon, plaintiff, from a judgment dismissing his suit by the district court on an exception of no cause of action, wherein he sued defendant-appellee, Mrs. Leonore Garrot Crabtree, seeking to enforce the performance of an alleged promise and agreement to sell certain described real estate in Avoyelles Parish.

From the allegations in the plaintiff's petition it appears that the defendant agreed to sell and plaintiff agreed to buy the property for $3,500. The agreement was reached as a result of negotiations between plaintiff and one Henry H. Bordelon, defendant's attorney in fact. Pursuant to the agreement on November 6, 1945, plaintiff and Henry H. Bordelon called upon defendant's attorney, W. E. Couvillon, and

plaintiff paid to him the $3,500 agreed upon as the sale price, to be held on joint deposit of the plaintiff and defendant in the Union Bank at Marksville until the sale could be finally consummated. The plaintiff was placed in possession of the property on that date. The sale was to be finally consummated when the defendant purchased the interest of her joint owners at a partition sale. The partition was evoked and defendant purchased the property, but refused to deliver title to plaintiff despite his demand. Instead defendant filed of record a counter letter in which she declared that in truth and in fact she had purchased the property as a matter of convenience and that it was in reality owned jointly by herself and several others whom she named.

This court has invariably held that under facts such as were alleged in this petition, it is incumbent upon the plaintiff to support his demand by written evidence of the sale or promise to sell, as the case may be. Article 2275, Article 2440 and Article 2462 of the Civil Code; Watkins v. McDonough, 2 Mart., O.S., 154; Davidson v. Midstate Oil Corporation, 211 La. 882, 31 So.2d 7, and authorities there cited. Moreover, if the sale or promise to sell has been contracted for by anyone other than the alleged owner and vendor, then the authority for the agent's act must also be evidenced in writing. Article 2992 of the Civil Code; Noble v. Plouf, 154 La. 429, 97 So. 599; Turner v. Snype, 162 La. 117, 110 So. 109. The defendant, taking advantage of the right accorded him by Arti-

cle 175 of the Code of Practice prayed for oyer of the written agreements upon which plaintiff based his claim. The plaintiff produced a letter which he asserts is a power of attorney and a receipt signed by W. E. Couvillon upon which he relies as the written promise to sell, both of which we reproduce below:

"Wednesday Night

Dear Cousin Henry & Cousin Belle:—

We are all very happy to hear that you, Cousin Belle, are getting along nicely, and when you are well again you both must come to see us all.

About the place in Marksville, that is the Red River Place, I talked to Louise & Virgie and we Have decided to let it go for $3000.00. However, if you can squeeze a little more, we would appreciate you getting it for us. I am also writing to Mr. Cobb, and we will accept $3500.00 for that piece of property in town.

We thank you so very much for the interest you have taken in helping us to sell; it was very nice of you.

Love to every body,
Leonore."

"New Orleans, La.
Sept. 26, 1945

Mr. LeRoy Cobb,
Marksville, La.
Dear Mr. Cobb:

I received your letter today. I have talked to my sisters, and we have decided to accept $3500.00 for the property in town.

Please advise me when you have accomplished all details.

Yours truly,
Mrs. Leonore G. Crabtree."

Defendant then filed an exception of no cause of action which was sustained.

Plaintiff confesses that the above documents alone would not support his claim, but he contends that they are sufficient to entitle him to a trial on the merits, at which time he could bolster these meager writings with legal, though extraneous, evidence, and thus prove his claim. Without passing upon what might and what might not be admissible in explanation of these papers, we observe that the most that they could ultimately show would be that the defendant had appointed Henry H. Bordelon as her attorney in fact to sell the land in question and that W. E. Couvillon had signed a receipt which evidenced a written promise to sell the land. The fault in plaintiff's case is obvious. The party who was appointed attorney in fact did not sign the promise to sell. Plaintiff points out that a receipt for the purchase price is sufficient written evidence of the sale, citing Richards v. Nolan, 3 Mart., N.S., 336; Hitchcock v. Harris, 1 La. 311; Rachal v. Normand, 6 Rob. 88; Berret v. Adams, 10 La.Ann. 77; and Guice v. Mason, 156 La. 201, 100 So. 397. That is correct, but the fact that there is a written receipt evidencing a sale or promise to sell is not enough. It must, of course, as it was in each of the cases cited, be signed by the alleged owner

and vendor, or by his attorney in fact, if duly appointed by written power of attorney. It would be a ridiculous anomaly to hold that an attorney in fact must be appointed by written instrument in order to bind his principal in a formal deed or contract to sell, but if he signs a simple receipt he binds his principal without a written power of attorney.

 Plaintiff has also suggested that the attorney-client relationship alleged to exist between defendant and Mr. Couvillon need not be proved by a written power of attorney, and that as attorney for defendant, Mr. Couvillon had the authority to receive the payment and receipt for same. That may be true. But plaintiff is losing sight of the fact that he is relying upon the receipt, not simply as evidence that money was paid, but as the required written evidence which binds the defendant to a transfer of real estate. We do not believe that the plaintiff can seriously contend that an attorney can bind his client to sell real estate as an incident of the attorney-client relationship. The case of Dockham v. Potter, 27 La.Ann. 73, does not support such a proposition. That case dealt with the authority of an attorney to consent to judgment on a mortgage note. Nor is Article 3000 of the Civil Code dealing with the implied powers of a profession apposite. It is not the ordinary role of an attorney to sell his clients' real estate.

In his brief plaintiff has made some reference to the doctrine of ratification and

his desire to prove ratification in a trial on the merits. He has not pleaded ratification in his petition nor made any allegations which, if true, would constitute a ratification and the point is therefore not at issue.

 Our conclusion is that the documents produced by plaintiff in response to the prayer for oyer are not sufficient to support his case, even when viewed in the light most favorable to plaintiff, and the district court properly held that the plaintiff failed to show a cause of action.

The judgment is affirmed, plaintiff-appellant to bear the costs of the appeal.