CUTRER, Judge.
This is an action for specific performance wherein The Paul Voisin Corporation seeks to acquire title to a tract of land in Terrebonne Parish from Leola Mae Bonvillain Torrey. The plaintiff urged timely acceptance of an option to purchase the property granted to it by the defendant. From a judgment of the trial court ordering specific performance by Mrs. Torrey, she perfects this suspensive appeal.
We reverse.
On the day of argument in this court the appellant filed an exception of no cause of action on the ground that “the option was never accepted in writing as legally required.” The first assignment of error raised the same issue as the exception of no cause of action. The second assignment of error raised the question of lesion. We have concluded that the exception of no cause of action is meritorious, thus we see no necessity in deciding the question of lesion.
The allegations of fact contained in the pleadings, together with the documents contained in the record, which, for purposes of disposing of the exception, must be taken as true, show in their chronological order, the following:
On February 15, 1971, Leola Torrey granted an option to purchase certain immovable property to The Paul Voisin Corporation for a period of 90 days. The consideration for the option was $1,500.00.
*626 On March 12, 1971, appellee’s attorney, Mr. Ted J. Borowski sent a letter to Mrs. Torrey which letter read as follows:
“March 12, 1971
CERTIFIED MAIL RETURN RECEIPT REQUESTED
“Mrs. Leola Mae Bonvillain Torrey Route 4, Box 266 A Houma, Louisiana 70360
Re: The Paul Voisin Corporation Option to purchase
“Dear Mrs. Torrey:
This letter is for the purpose of placing you on notice that The Paul Voisin Corporation desires to exercise its option right and privilege to purchase the property more described in the Option executed on the 15th day of February, 1971, copy of which is enclosed herewith.
You may come by our office anytime between 9:00 A.M. through 5:00 P.M., (excluding the noon hour 12:00 to 1:00 P.M.) any day convenient to you, March 15, 16 or 17th, 1971. If this is inconvenient, please call us so we can make the necessary arrangements to consú-mate this sale immediately and without delay.
Very truly yours,
Ted J. Borowski
TJB/rb enclosure
cc: The Paul Voisin Corporation Rouge 4, Box 452 Houma, Louisianá”
When Mrs. Torrey failed to appear at Mr. Borowski’s office for the execution of the act of sale, another similar letter was sent to Mrs. Torrey by Mr. Borowski on March 31, 1971. Mrs. Torrey failed to appear thereafter for the execution of the act of sale.
It is the appellant’s contention that the letters, referred to above, from appellee’s attorney, do not constitute an acceptance by the corporation as Mr. Borowski was not an officer of the corporation nor was he empowered in writing by the corporation to make the acceptance of the option on its behalf.
The record contains no specific written authority by the corporation authorizing Mr. Borowski to accept the option to purchase the immovable property. Such specific written authority is not alleged in the petition, nor is it argued in appellee’s brief. The appellee contends that the attorney-client relationship is sufficient to empower Mr. Borowski to make the acceptance on behalf of the corporation. The trial court agreed with this contention and, in its reasons, stated—
“No authority has been cited by defendant nor has any been found by this Court requiring specific written authority for an attorney to write a letter of acceptance of an option for and on behalf of a client.”
The conclusion of the trial court is in error. LSA-C.C. Article 2462 provides that—
“A promise to sell, when there exists a reciprocal consent of both parties as to the thing, the price and terms, and which, if it relates to immovables, is in writing, so far amounts to a sale, as to give either party the right to enforce specific performance of same.
“One may purchase the right, or option to accept or reject, within a stipulated time, an offer or promise to sell, after the purchase of such option, for any consideration therein stipulated, such offer, or promise can not be withdrawn before the time agreed upon; and should it be accepted within the time stipulated, the contract or agreement to sell, evidenced by such promise and acceptance, may be specifically enforced by either party.”
 When an option to purchase im-movables is timely and unconditionally ac *627 cepted, a contract to sell then exists which may be enforced by either party. The question then arises as to whether an attorney can so accept an option on behalf of his client.
In the case of Lake v. LeJeune, 226 La. 48, 74 So.2d 899 (1954) an offer by plaintiffs was accepted on behalf of the defendants through their attorneys by letter. In sustaining an exception of no cause of action filed by defendants, on the ground that such acceptance was without specific authority, the Supreme Court held as follows :
“(1-3) The exception of no cause of action, in our opinion, is meritorious. With respect to the offer to purchase for $13,000, allegedly made to and accepted by the Rousseau heirs, the petition clearly shows that plaintiffs dealt exclusively with the attorneys for the former; and nowhere therein is it .recited that such attorneys were authorized to bind their clients to a contract of sale. A mandate to buy or sell, as stated in LSA-Civil Code Articles 2996 and 2997, must be express and special; if conceived only in general terms it does not suffice. In fact, the law provides that a power of attorney to make a contract relating to the alienation of real estate must be in writing — a requirement like that applicable to the contract of sale itself. Turner v. Snype, 162 La. 117, 110 So. 109. See also Milburn v. Wemple, 156 La. 759, 101 So. 132; Triangle Farms, Inc. v. Harvey, 178 La. 559, 152 So. 124 and Bordelon v. Crabtree, 216 La. 345, 43 So.2d 682. And the existence of a relationship of attorney and client does not give rise to a presumption that the attorney has authority, as an incident of that relationship, to dispose of his client’s property. It is not the ordinary role of an attorney to sell his client’s real estate. Milburn v. Wemple and Bordelon v. Crab-tree, both supra.
“As pointed out above there are no allegations of fact in the instant petition from which it might be concluded that the Rousseau heirs granted any express authority to their attorneys to confect for them a binding agreement to sell.” (Emphasis added)
Under the ruling of the Lake case, the option in this case was never legally accepted. The exception of no cause of action must be sustained.
For the reasons assigned the judgment of the district court is reversed and set aside, the exception of no cause of action is sustained, and the suit of plaintiff is dismissed at its costs.
Reversed and rendered.