352 So.2d 415 (1977)
Iris TULLIS, Plaintiff-Appellee,
v.
Bessie Brown AERTKER et al., Defendants-Appellants.
No. 6181.
Court of Appeal of Louisiana, Third Circuit.
November 17, 1977.
*416 Neblett, Fuhrer & Flournoy by Mike Johnson, Gold, Little, Simon, Weems & Bruser by Harry A. Hammill, Alexandria, for defendant-appellant.
Lemoine & Saucier by Wilbert Saucier, Pineville, for plaintiff-appellee.
Before DOMENGEAUX, WATSON and GUIDRY, JJ.
GUIDRY, Judge.
This is an action for specific performance of an alleged contract to buy and sell real estate. The defendants are Bessie Brown Aertker, widow of Walter P. Aertker Sr., Walter P. Aertker Jr., and Betty Aertker Harwood, the widow and sole heirs of Walter P. Aertker Sr.
In her pleadings plaintiff alleges that on November 2, 1963 she entered into a contract with the late Walter P. Aertker Sr. wherein she agreed to buy and Aertker Sr. agreed to sell a house and lot located in Rapides Parish, Louisiana, described as Lot 1, Block 1 of the Esler Airport Subdivision. Plaintiff further alleges that when the contract referred to was executed she made a down payment to Aertker Sr. in the amount of $100.00 with a remaining balance of $6,150.00. She alleges further, that the balance remaining on said purchase price was paid in monthly installments of $45.00 with the final payment being made on November 1, 1975. Petitioner finally alleges that subsequent to the payment of the final installment she made demand upon defendants for execution of a deed translative of title to the described property pursuant to the written buy-sell agreement but her demand was without avail.
The alleged buy-sell agreement is in the form of a receipt which reads as follows:[1]
*417
"No._______ C015044
DATE 11/2/1963
 Cash ___ Check ___
Received
 of Mrs. Iris Tullis $____$____
 One Hundred & no/100 100 00
Address Down Payment House
For Esler Field Bal 13 Mos @ 4500
Unpaid
Balance $615000 THANK
 YOU
PROTECTED RECEIPT CO.
FORM NO, 401 By s/ W P AERTKER
 55.00 Per Mo W. P. Aertker"
Defendants filed answer to the petition of plaintiff admitting that they are the widow and sole heirs of the late Walter P. Aertker Sr. and that the latter had executed the receipt, copy of which has been set forth above. However, defendants denied that such receipt constitutes a valid buy-sell agreement alleging that such receipt simply acknowledged payment of funds to be deposited with Walter P. Aertker Sr. pending a deposit of sufficient funds to cover a down payment for the purchase of the real property described in plaintiff's petition.
Defendants reconvened and by way of an alternative demand in reconvention assert that if the court should find that a valid contract to sell existed between Walter P. Aertker Sr. and Iris Tullis that upon execution of a contract of sale they be awarded judgment against Iris Tullis for the sum of $5,187.99 with interest at the rate of 8% per annum from November 1, 1975 until paid being the alleged balance due under the purported agreement to buy and sell.
The trial judge in written reasons for judgment granting plaintiff the relief sought and rejecting defendants' reconventional demand, set forth his findings of fact and his conclusions of law based upon the evidence adduced as follows:
"This is an action for specific performance of a contract to buy and sell real estate. The defendants are the heirs and successors of Walter Patrick Aertker, Sr. and his widow.
On November 2, 1963 Mrs. Iris Tullis entered into a contract with Walter P. Aertker, Sr. whereby she was to purchase a house and lot near Esler Field.
The writing is on a regular receipt that is contained in the ordinary commercial receipts sold by various office supply stores. It acknowledged the payment of $100 as a down payment on a home on Esler Field and provides that the balance is to be in thirteen months at $45.00 a month. It recites that the unpaid balance is $6,150.00 and in the bottom left corner it provides for $55.00 a month.
Following the date of the execution of the instrument Mrs. Tullis occupied the house and has remained there ever since. She made payments at the rate of $45.00 per month during the period of time that she was on the premises until recently. According to my calculations she has paid in $6,760.00. Ten months after the execution of this contract Mr. Aertker died. After his death Mrs. Tullis made payments to Mr. W. P. Aertker, Jr. or to one of his employees or an employee of First Federal of Alexandria, of which he is president. No demand was ever made upon her to increase the payments from $45.00 per month to $55.00 per month.
There is really only one dispute between the parties. The defendants admit that everything that the plaintiff contends is correct except they contend that it was Mr. Aertker's intention to get 8 per cent per annum interest on the purchase price until all the principal and interest were paid. All of the testimony by the defendants came in under a proffer of proof because of valid objection to parol evidence to vary the terms of a written contract. C.C. Art. 2276. A study of the evidence offered under the proffer of proof reveals that the parties are in agreement as to the purchase price as to the lot and the house, its location, and that the plaintiff is entitled to a deed translative of title. The defendants contend that it was Mr. Aertker's intention that Mrs. Tullis was to pay $100 down and $45.00 a month for 13 months and that these payments would constitute a down payment and at this time a new instrument would be executed which *418 would be a sale and mortgage calling for the remainder of the purchase price at $55.00 per month plus 8 per cent per annum interest. This 8 per cent per annum interest is pure speculation and conjecture on the part of the defendants. There is nothing in the instrument providing for any interest. They make this contention because of their past knowledge of Mr. Aertker's usual practice of charging 8 per cent per annum interest on unpaid balances of purchase price. It may or may not be that he intended to charge Mrs. Tullis any interest. She at one time worked for Mr. Aertker and it may be that he didn't intend to charge her any interest because of her past services to him. Regardless of whether it was his intentions or not it was not put in the written instrument and in order for it to be a collectable item it must be contained in the writing that Mr. Aertker drew up and gave to Mrs. Tullis . . ."
Defendants have appealed urging that the trial court erred in finding that the writing above set forth, admittedly signed by the late Walter P. Aertker Sr., constituted a valid buy-sell agreement. Plaintiff-appellee has answered the appeal and seeks damages and attorney's fees for an alleged frivolous appeal.
Specifically, appellants contend that the written receipt above set forth does not and cannot constitute a valid buy-sell agreement because it does not set forth a clear understanding of the parties in writing as to the sales price and the method of payment nor does it contain an adequate description of the property intended to be covered thereby. We find no merit in appellants' contentions and affirm.
LSA-R.C.C. Article 2462 provides in pertinent part as follows:
"A promise to sell, when there exists a reciprocal consent of both parties as to the thing, the price and terms, and which, if it relates to immovables, is in writing, so far amounts to a sale, as to give either party the right to enforce specific performance of same . . ."
It is settled that a receipt for all or part payment of the purchase price is sufficient to satisfy the requirements of LSA-R.C.C. Articles 2440, 2462 and 2275 if such writing adequately sets forth the three necessary elements, i. e., the thing sold, the price, and the consent. Richards v. Nolan, 3 Mart.(N.S.) 336 (La.1825); Barfield v. Saunders, 116 La. 136, 40 So. 593 (1906); Guice v. Mason, 156 La. 201, 100 So. 397 (1924); Lemoine v. Lacour, 213 La. 109, 34 So.2d 392 (1948); Bordelon v. Crabtree, 216 La. 345, 43 So.2d 682 (La.1949).
In the instant case the consent of the parties is clear. Mr. Aertker's consent is evidenced by his signature on the receipt. Mrs. Tullis' consent appears from the fact that following execution of the agreement of November 2, 1963 she moved onto the premises which she has continued to occupy and by the fact that she faithfully made the monthly payments as provided for in the agreement. Although plaintiff did not accept the contract in writing her acquiescence therein is clearly evidenced by her actions thereafter which are sufficient. Miller v. Miller, 335 So.2d 767 (La.App. 3rd Cir. 1976) and cases therein cited.
With regard to the thing sold, as found by the trial court, the parties are in complete agreement as to the property affected by the agreement, and its location. Although the written agreement does not contain a full and complete description of the property intended to be affected thereby it does contain a sufficient identification reference, i. e., "house-Esler Road" which allowed the introduction of parol testimony to particularly identify the property intended to be conveyed. As set forth in Harrill v. Pitts, 194 La. 123, J. 193 So. 562, 565 (La. 1940):
". . . the description in a deed will be sustained whenever the instrument affords any description by which the property can be identified, either through the description in the deed itself or by means of extrinsic, competent evidence . . ."
See also Wolfson v. Succession of Lisso, 6 So.2d 231 (La.App. Orleans 1942).
*419 Finally, although there is some ambiguity as to the amount of stipulated monthly payments for liquidation of the balance of the sales price, there is no ambiguity as to the total sales price, or the amount of the balance due as of November 2, 1963, these being set forth with specificity in the written contract introduced in evidence. As to the ambiguity with reference to the amount of the stipulated monthly payments the court allowed the introduction of parol evidence and accepted the testimony of plaintiff-appellee that although the late Mr. Aertker Sr. originally desired to receive a $55.00 per month payment he condescended at the time the agreement was executed to accept $45.00 monthly. It is not disputed that the contract in question was prepared by Mr. Aertker Sr. and therefore under our rules of construction if ambiguous the contract is to be construed against him who prepared it. LSA-C.C. Articles 1957 and 1958. Monsur v. Thompson, 300 So.2d 655 (La.App. 3rd Cir. 1974). In any event, as found by the trial court, appellants accepted the payments as made by plaintiff over a period of twelve years without objection. Under these circumstances appellants cannot now urge that because of this ambiguity the contract is null or that Mrs. Tullis failed to comply with the agreement.
There is absolutely no merit in appellants' contention that under the agreement Mr. Aertker Sr. was to receive 8% per annum interest on the remaining balance due. No reference whatever appears in the agreement as to interest. The trial judge properly sustained plaintiff's timely objection to any parol evidence tending to show such an intention on the part of Mr. Aertker Sr. It is too well settled to require citation of authority that parol evidence is inadmissable to vary, add to or contradict the terms of a written contract. LSA-R.C.C. Article 2276.
Plaintiff has answered the appeal of defendants and seeks damages for an alleged frivolous appeal. Damages for frivolous appeal are not allowable unless the record clearly reflects that the appeal was taken solely for delay or that counsel is not sincere in the position which he advocates. Parker v. Interstate Life & Accident Insurance Company, 248 La. 449, 179 So.2d 634 (1965); Succession of Cutrer v. Curtis, 341 So.2d 1209 (La.App. 1st Cir. 1976), writ refused. Although we ultimately conclude that appellants' contentions on appeal are without merit the record does not reflect that the appeal was taken for the purposes of delay or that learned counsel for appellants was insincere in his view of the law. Accordingly, plaintiff-appellee is not entitled to damages for frivolous appeal.
For the above and foregoing reasons the judgment appealed from is affirmed and defendants-appellants are cast for all costs on appeal.
AFFIRMED.
NOTES
[1] The above represents an exact typewritten copy of the original receipt which could not be legibly reproduced for purposes of this opinion by photographing, xeroxing, etc. The printed matter on the receipt is underlined.