CARTER, Judge:
This is an action ex contractu in which Lanier Business Products, Inc. (hereinafter referred to as Lanier) sued Linch International Trucks, Inc. (hereinafter referred to as Linch) for recovery of four installments of $500.02 each which Lanier alleges were owed under a “purchase security agreement.” After trial on the merits, judgment was rendered in favor of defendant Linch. Plaintiff Lanier has perfected this appeal. We affirm.
Most of the facts were stipulated, and the only dispute concerns the number of payments due under the “purchase security agreement”.[1] Plaintiff contends that under the agreement 16 payments, each in the amount of $500.02, were due, and defendant contends that the agreement called for 12 payments and that that was the extent of defendant’s obligation. The cash price agreed upon by the plaintiff and defendant at the time of sale is not disputed. Neither is it disputed that the down payment made by the defendant, plus 12 payments actually made, exceeded the cash price upon which the parties agreed.[2]
Although the contract specifically provides for 12 payments of $500.02 each, to be made quarterly, plaintiff contends that the number 12 was inadvertently written and that the number 16 should have been written instead. Lanier further contends that the amount claimed in excess of the cash price is interest due under the installment contract. In support of this contention, La-nier points to the fact that in the blank for “no. of months”, 48 is written, thus indicating 16 quarterly payments. In further support of this position, Lanier refers to the written statement in the contract, “service fully covered for full four years....”, and to another statement indicating that at the end of four years, the machine was to belong to Linch.
*492 The printed contract in question is one of those regularly used by Lanier’s business and bears Lanier’s logo. The blank spaces of this contract, including those for the number of payments, the amount of payments, and the number of months, were completed by Mr. Jim Parr, Lanier’s representative. It was stipulated that if Mr. Parr had testified, he would have stated that he made an error in writing that 12 payments rather than 16 were to be made by Linch. It was further stipulated that if Mr. Andy Gloeckner were called to testify,[3] that he would testify that his understanding was that Linch would only be responsible for $6,111.96. Linch contends that it is clear from the face of the contract that the price of the machine was $6,111.96, and that when this price is divided by twelve payments, the result approximately equals $500.02, the amount of each payment actually made. He further contends that no mistake was made in writing the number 12 in the space for the number of quarterly payments and argues that it is equally as feasible that if a mistake was made, it was made in writing 48 in the space for number of months instead of 36.
Without question, the contract is ambiguous. Whenever there is anything doubtful in a contract, courts should endeavor to seek out and apply the true intent of the parties. Superior Oil Company v. Cox, 307 So.2d 350 (La.1975); Lanneau v. Capital Transportation Corporation, 292 So.2d 810 (La.App. 1st Cir. 1974); La.Civ.Code art. 1950.
Lanier strenuously contends that it was the common intent of the parties that 16 payments be made amounting to the cash price agreed upon, plus interest. In support of this contention, Lanier points to the fact that it was stipulated that Jim Parr would have testified that he made a mistake in writing 12 rather than 16 in the number of payments space, the fact that the contract provided for a 48 month term, and the statement written on the contract that service was to be fully provided for four years, after which time the machine was to belong to Linch.
Linch contends that the contract especially provided for 12 payments, that upon completion of 12 payments, the balance due as indicated on the contract would have been liquidated, and further that the contract makes no express reference to interest. Although it is clear that payments were to be made on an installment basis, nowhere in the contract does it appear that the parties intended for interest to be paid.
We cannot say that the contract clearly indicated that it was the common intention of the parties that 16 payments, equalling the cash price plus interest, were to be made by Linch. It has long been established law that ambiguities or contractions in a contract are to be construed against the party who prepared the contract. La. Civ.Code arts. 1957 and 1958; Kuhn v. Stan A. Plauche Real Estate Company, 249 La. 85, 185 So.2d 210 (1966); Louisiana Paving Co. v. Louisiana Dept. of Highways, 205 So.2d 445 (La.App. 1st Cir. 1967); Grace v. Morales, 210 So.2d 60 (La.App. 1st Cir. 1968). This rule of construction has been held applicable to sales contracts. Light v. Crowson Well Service, Inc., 313 So.2d 803 (La.1975); Tullis v. Aertker, 352 So.2d 415 (La.App. 3rd Cir. 1977). See also La.Civ. Code art. 2474.
In Light v. Crowson Well Service, Inc., supra, a case somewhat analagous to the present one, there was a conflict in a sales contract between two provisions indicating the extent of the mineral interest conveyed. The court concluded that this ambiguity should be construed against the party who had prepared the contract, i.e., the vendee. Since the ambiguity in the instant case does not deal with an essential requisite of sale, but concerns whether or not it was the common intent of the parties for interest to be paid (another way for the installment contract to be for a larger price than the cash price), this ambiguity must be construed against the vendor, Lanier, who prepared the contract and was responsible for it.
*493 Under the circumstances in this case, where the vendor has prepared the contract with conflicting provisions and the common intent of the parties cannot be ascertained, the provisions of arts. 1957 and 1958 of the La.Civil Code are applicable, and the ambiguities in the instrument should be resolved against the party who confected the instrument.
For the above and foregoing reasons, we affirm the judgment appealed at the appellant’s costs.
AFFIRMED.

. The purchase security agreement is found in “Appendix A” of this opinion.

. The cash price listed in the contract was $6,111.96, and the total amount paid including the down payment was $6,611.43.

. Mr. Gloeckner was the party who entered into the contract on behalf of defendant Linch.