CHEHARDY, Judge.
This lawsuit for specific performance arose from the plaintiff’s attempt to exercise his option to purchase a plot of land from the defendants. After a judgment in favor of the plaintiff, the defendants have appealed.
The only issue on app'eál is whether the letter sent by plaintiff to an attorney representing one of the defendants constituted a valid exercise of the option.
*109 The following are the relevant facts:
The August 15,1968 agreement provided:
“In the event Vendee, Jim Manning, desires to exercise the option herein granted, he shall send a registered letter to the Vendors, addressed to Henry J. Bergeron at Star Route, Des Allemands, Louisiana.”
In December 1975 Manning sent a letter to Charles Lagarde by certified mail, return receipt requested, informing Lagarde he desired to exercise his option to buy the lot in question. Lagarde was an attorney who had, for a number of years, represented Henry J. Bergeron, Sr., in managing the property. (Henry J. Bergeron, Sr., and his two sons, Henry, Jr., and Huston, were co-owners of the property.) Lagarde had had contact with Jim Manning, the plaintiff, on several occasions concerning the property.
Lagarde responded to Manning’s letter with a letter of his own, advising that the option agreement would be honored after certain legal work was done to clear, the title. (Specifically, a succession had to be opened.)
Nothing further happened with respect to the sale of the property, until Manning filed this suit in 1979 (approximately one year after his 10-year option had expired).
At trial, Manning testified he had mailed his letter exercising the option to Lagarde rather than to Bergeron, Sr., because he knew Bergeron had moved since the option agreement was signed. In fact, Bergeron had moved next door to Manning, about 150 feet away. Manning said he did not give the notification to Bergeron, however, because he knew Bergeron could not read or write, and Bergeron had told him in the past that all legal matters would be handled by Lagarde, his attorney. Manning admitted he did not have anything in writing telling him to give notice to Lagarde rather than Bergeron. He also said he never received any written notification of a change of address for Bergeron, Sr.
Although Manning said he had sent copies of his letter to the Bergerons, the defendants denied ever receiving these. By the time of trial, Mr. Bergeron, Sr., had died and his heirs had been substituted in his place as parties-defendants. One of Bergeron’s daughters testified she always picked up his mail for him when he was alive, and she could not recall receiving any certified letters for him from Manning in 1975. She also stated that despite Berger-on’s physical move, his mailing address remained the same (apparently due to some idiosyncrasy of the rural mail delivery system).
Charles Lagarde himself testified that none of the Bergerons ever gave him a written power of attorney to accept notices on any land matter. In addition, all his dealings were with Bergeron, Sr.; he never had any discussions with Henry, Jr., or Huston.
The trial judge denied the defendants’ exception of no cause of action. He ruled in favor of the plaintiff, finding that notice to Mr. Lagarde, as attorney for the defendants, was proper notice to the defendants.
On appeal, defendants reurge their exception of no cause of action. They argue, “No cause of action is stated by the petition since no written mandate [to Charles La-garde] was therein alleged, nor was such mandate proved at trial.”
In Lake v. LeJeune, 226 La. 48, 74 So.2d 899 (La.1954), our Supreme Court held that a complaint for specific performance of an alleged agreement to sell real estate failed to state a cause of action. In that case, the petition clearly showed that the plaintiffs negotiated exclusively with the attorneys for the defendant, but the petition did not allege that the attorneys had express authority to confect the agreement.
“ * * * A mandate to buy or sell, as stated in LSA-Civil Code Articles 2996 and 2997, must be express and special; if conceived only in general terms it does not suffice. In fact, the law provides that a power of attorney to make a contract relating to the alienation of real estate must be in writing * * *. And the existence of a relationship of attorney and client does not give rise to a presumption that the attorney has authority, *110 as an incident of that relationship, to dispose of his client’s property. It is not the ordinary role of an attorney to sell his client’s real estate. * * 74 So.2d at 901.
Similarly, in Paul Voisin Corporation v. Torrey, 271 So.2d 624 (La.App. 1st Cir.1972), the court held an attorney for a corporation had no authority to exercise an option to purchase real estate, where the attorney had not been empowered in writing to accept the option on the corporation's behalf. Thus, his letter placing the property owner on notice that the corporation desired to exercise the option did not constitute a legal acceptance. The court upheld an exception of no cause of action on the basis of no written mandate.
See also, Bordelon v. Crabtree, 216 La. 345, 43 So.2d 682 (La.1949); Triangle Farms v. Harvey, 178 La. 559, 152 So. 124 (La. 1934); Turner v. Snype, 162 La. 117, 110 So. 109 (La.1926); Fleming v. Romero, 342 So.2d 881 (La.App. 3d Cir.1977), writ denied La., 345 So.2d 50; Rebman v. Reed, 335 So.2d 37 (La.App. 4th Cir.1976), writ denied La., 338 So.2d 699; King v. Hutchinson, 303 So.2d 534 (La.App. 1st Cir.1974); Reine v. Kirn, 234 La. 923, 102 So.2d 66 (La.App.Orl. 1958).
Under the jurisprudence, it is clear that Manning did not state a cause of action because he failed to allege Lagarde had a written mandate to accept notice on behalf of Bergeron. In addition, however, we deem it appropriate to decide the case on the merits. Because the evidence conclusively establishes Lagarde had no written mandate, we find Manning failed to prove he exercised the option properly.
Accordingly, the judgment of the district court is reversed. Judgment is rendered in favor of defendants-appellants, dismissing the suit of plaintiff-appellee. Plaintiff-ap-pellee is to pay all costs.
REVERSED AND RENDERED.